HOLLAND v. STATE.

Opinion delivered March 6, 1916.

EVIDENCE — ABSENT WITNESS — TESTIMONY AT EXAMINING TRIAL.— Where a witness is absent from the State, his testimony, given at an examining trial, before a justice of the peace, is competent in a trial of the cause in the circuit court.

Appeal from Miller Circuit Court; *Geo. R. Haynie,* Judge; affirmed.

*Thaddeus B. Vance,* for appellant.

The evidence is insufficient to sustain the verdict. Jim Allen's testimony should have been excluded. He was not shown to have been beyond the jurisdiction of the court. No proper foundation was laid. 84 Ark. 178; 73 *Id.* 406; 63 *Id.* 130; 68 *Id.* 441; 66 *Id.* 545. The testimony taken before the examining magistrate was not identified.

*Wallace Davis,* Attorney General, and *Hamilton Moses,* Assistant Attorney General, for appellee.

1. Jim Allen's testimony was properly admitted. He was shown to be beyond the jurisdiction of the court. 1 Gr. Ev. § 163; 2 Wigmore on Ev. § 1404. It was at least, within the court's discretion to admit it and no abuse is shown. 57 Ark. 402; 58 *Id.* 371; 29 *Id.* 17; 33 *Id.* 339; 40 *Id.* 454; 47 *Id.* 180; 60 *Id.* 400; 68 *Id.* 441; 90 *Id.* 515; 95 *Id.* 176. A sufficient foundation was shown. 108 Ark. 321; 112 *Id.* 42.

2. The objection to the testimony was general. 29 Ark. 17; 32 *Id.* 319; 58 *Id.* 353. A specific objection is necessary to raise questions of competency. 112 Ark. 592; 86 *Id.* 138; *Mosely* v. *Mohawk Lbr. Co.,* 122 Ark. 227; 113 Ark. 300.

3. The preponderance of the evidence sustains a verdict of guilty. 92 Ark. 120; 50 *Id.* 511; 47 *Id.* 196.

McCULLOCH, C. J. Appellant, Walter Holland, was convicted of the crimes of burglary and of larceny, alleged to have been committed by breaking into the smoke-house of E. L. Butler in Miller County, Arkansas, with intent to commit the crime of grand larceny and by stealing from said house fifty pounds of meat and sixty pounds of lard.

The testimony of Butler and his wife shows that the smoke-house in question was burglarized and that the quantity of meat and lard mentioned in the indictment was stolen and taken therefrom. The lard was in a three-gallon stone jar and in three buckets, and the stone jar taken from the house was shortly afterwards found in the house of one Lelia Wiley. The jar was greasy as if it had been filled with lard and was identified by Butler and his wife as being the particular jar that was stolen from their smoke-house. The proof also shows that appellant carried the jar to the house of Lelia Wiley and gave it to her. She testified that appellant brought the jar to her house, and claimed that he had found it, but that it had no lard in it at the time.

Appellant, according to the testimony of the officer who was making the investigation, denied at first that he had had anything to do with the jar, but afterwards admitted that he had found it in a brush pile and had given it to Lelia Wiley. The State also introduced in evidence the testimony of one Jim Allen given at the examining trial of appellant before the justice of the peace, and Allen's testimony was to the effect that appellant told him that he (appellant) had stolen two sides of bacon and a jar and three buckets of lard and had given to Lelia Wiley some of the bacon and the jar of lard. The statement was admitted in evidence after the testimony had been adduced tending to show that the witness Jim Allen was out of the jurisdiction of the court.

The evidence was sufficient to warrant the conviction of both offenses, but the principal ground urged for reversal is that the foundation for the introduction of the testimony of Jim Allen was not properly laid, in that it was not shown that the witness was outside of the jurisdiction of the court. The sheriff and his deputy, who had charge of the investigation of this case, testified that they had made inquiry for Jim Allen and could not find him, but received information that he was in Kansas City. The testimony was, we think, sufficient to establish the absence of the witness from the jurisdiction of the court, and it was competent under those circumstances to introduce the testimony adduced at the examining trial.

It is urged here, also, that the court erred in allowing the State to read the statement of the witness from the record kept by the examining magistrate, without further identification or further proof showing that it was in fact the testimony of the witness. No such objection was made below, however, and it is too late to raise it here for the first time. The objection made below to the introduction of the testimony was based on the ground that the witness was not shown to be outside of the jurisdiction of the court, and that is the only objection that we can consider here.

Judgment affirmed.