WILEY *v.* STATE.

Crim. 3946

Opinion delivered September 23, 1935.

*Partain & Agee,* for appellant.

*Carl E. Bailey,* Attorney General, and *J. F. Koone,* Assistant, for appellee.

JOHNSON, C. J. Appellant was indicted by the grand jury of Crawford County for murder in the first degree for the killing of one John Cook. Subsequently on March 25, 1935, he was put upon trial to a petit jury of his own selection and was duly convicted of manslaughter, his punishment being assessed at five years in the State penitentiary, from which is this appeal. The contentions urged on appeal do not require a discussion of the testimony in detail; therefore a synopsis thereof is unnecessary.

Appellant's primary contention for reversal is that certain relatives of the deceased John Cook had served upon the regular panel of the petit jury during that term of the court, and especially that one Harve Fry, who was a brother-in-law of the deceased, John Cook, had so served and that such association and relations between the said relative of the deceased and the other members of the regular panel rendered all members of such regular panel disqualified to serve as jurors in appellant's trial. This contention was timely raised in the trial court, preserved in the motion for new trial and earnestly urged here as error.

Section 3152 of Crawford & Moses' Digest provides: "A challenge to the panel shall only be for substantial irregularity in selecting or summoning the jury, or in drawing the panel by the clerk." The plain language of this section of the statutes is such as to exclude prejudice of the panel as cause for challenge thereto. This section of the statutes prescribes the only causes for which a jury panel may be excused, and therefore excludes all other causes not within its terms. Moreover, the record does not reflect that appellant exhausted or even exercised any of his statutory rights of peremptory challenges to relieve against the condition complained of; therefore, under repeated opinions of this court, he is in no position to urge this contention. *Hooper* v. *State*, 187 Ark. 88, 58 S. W. (2d) 434.

Lastly appellant contends that the trial court erred in admitting in evidence the testimony of one Jewell Holmes taken in appellant's examining trial. The record reflects that Jewell Holmes appeared as a witness for the State in appellant's examining trial, and opportunity was there afforded the appellant to cross-examine her, and also that she was there duly recognized to appear in the circuit court on a subsequent date; that, when the witness failed to appear under the recognizance, a subpoena was duly issued and placed in the hands of the sheriff of the county for service. Failing to obtain service of the subpoena, an attachment was thereupon issued, and an honest effort made for its service, all of which proved futile. The officer testified in detail in reference to efforts put forward to effect service of these writs, but he was unable to locate her whereabouts. *Prima facie*, this showing warranted the trial court in admitting the testimony of Jewell Holmes taken in the examining trial. We stated the applicable rule in *Scott* v. *State*, 160 Ark. 125, 254 S. W. 341, as follows: "Where the testimony was given under oath in a judicial proceeding in which the adverse litigant was a party, and where he had the power to cross-examine, and was legally called upon to do so, the great and ordinary test of truth being no longer wanting, the testimony so given is admitted, after the decease of the witness, in any subse-

quent suit between the parties. It is also received if the witness, though not dead, is out of the jurisdiction, or cannot be found after a diligent search, or is insane, or sick and unable to testify, or has been summoned, but appears to have been kept away by the adverse party."

This record reflects that the officials charged with the duty of serving process exercised due diligence to ascertain the whereabouts of the absent witness, and for this reason no error was committed in admitting her testimony taken at the examining trial.

No error appearing, the judgment of conviction is affirmed.