SMITH *v.* STATE.

4757                                   261 S. W. 2d 788

Opinion delivered November 9, 1953.

*Shaver, Tackett & Jones,* for appellant.

*Tom Gentry,* Attorney General, and *Thorp Thomas,* Assistant Attorney General, for appellee.

GEORGE ROSE SMITH, J. An information was filed charging Luther Smith (the appellant), Cecil Smith, and Wanda Dodson with the crime of robbery. Luther Smith, tried separately, was convicted and sentenced to serve three years in the penitentiary. His appeal presents questions with reference to the admissibility of evidence.

The State's proof showed that on the night of October 24, 1952, the two Smiths, Wanda Dodson, and Laura Pilgreen lured the prosecuting witness, E. J. Rogers, into a car and took him to a lonely place, where he was beaten and robbed of $319. Rogers did not appear as a witness at the trial, and objections are made to the State's introduction of the testimony given by Rogers at a preliminary hearing.

It is first contended that the State failed to prove affirmatively that a sufficient search had been made for the missing witness. On this point a deputy sheriff testified that he had recently received a subpoena for Rogers, that he had made a diligent search, and that he had been unable to find Rogers. The deputy sheriff was not cross-examined by defense counsel, who now contend that the reference to a diligent search was a mere conclusion which should have been supported by a narrative of the actual search that was made. Substantially similar testimony, except that the officer added that he had been informed that the person sought had left the State, was held a sufficient foundation in *Holland* v. *State,* 122 Ark. 462, 183 S. W. 978, and *Rodgers* v. *State,* 209 Ark. 37, 189 S. W. 2d 608. Furthermore, in the case at bar defense counsel, in the course of objecting to the use of Rogers' former testimony, stated that they could prove that Rogers was an embezzler ''and is now a fugitive from justice.'' With such evidence available to the accused he cannot complain that the State's proof was not as detailed as it might have been.

It is also contended that Luther Smith was not represented by counsel at the preliminary hearing and was not legally called upon to cross-examine Rogers, since Smith had asked that the hearing be waived. The trial

court was warranted in finding from the testimony of the reporter who took down Rogers' former evidence that Luther Smith was present, was represented by a lawyer, and that his attorney in fact exercised his right of cross-examination. We need not explore the question of when a defendant is "legally called upon" to cross-examine an adverse witness. That phrase appears in a quotation approved in *Scott* v. *State,* 160 Ark. 125, 254 S. W. 341, but the issue is immaterial here, as the appellant actually availed himself of the privilege of cross-examination.

Complaint is also made that the court permitted Laura Pilgreen, an accomplice who appeared as a witness for the State, to testify on redirect examination that a day or two after the robbery she had reported the facts to a sheriff in Missouri. The court's ruling was correct. During the cross-examination of Laura Pilgreen the defense had very effectively insinuated that she was giving false testimony in return for a promise of immunity from prosecution. The witness having been impeached by the defense, it was proper for the prosecution to attempt to restore her credibility by a fact tending to rebut the impeachment; that is, that she had reported the robbery before having discussed the case with the prosecuting attorney. Wigmore on Evidence, § 1128; *State* v. *Bennett,* 226 N. C. 82, 36 S. E. 2d 708.

Affirmed.