## STATE v. WRIGHT DANIEL.

*Assault with intent to commit rape.*

Defendant proved that the general character of prosecutrix was bad, but the witness stated on cross-examination that he had never heard anything against her reputation for " truth " ; *Held* competent for the defendant then to show her reputation for " virtue."

(*State v. Stallings*, 2 Hay., 300; *State v. Boswell*, 2 Dev., 209; *State v. Jefferson*, 6 Ired., 305; *State v. Murray*, 63 N. C., 31, cited and approved.)

INDICTMENT for assault with intent to commit rape, tried at Fall Term, 1882, of PITT Superior Court, before *MacRae, J.*

On the trial the state introduced the prosecutrix as a witness, and rested its case; and the defendant then introduced one Forbes who testified that he was acquainted with the general character of the prosecutrix, and that it was bad; but on cross-examination the witness stated he had never heard anything against her reputation for truth. The defendant's counsel then proposed to ask the witness, " what is her reputation for virtue?" This question was objected to on the part of the state, objection sustained, and defendant excepted. The jury returned a verdict of guilty, and from the judgment pronounced the defendant appealed.

*Attorney General*, for the State.
No counsel for defendant.

ASHE, J.  The only question presented by the appeal, is, was it competent for the defendant to ask the witness the question—what is the reputation of the prosecutrix for virtue?

That the moral character of the prosecutrix may be put in evidence, is too well settled to admit of a doubt, whether it is offered to impeach her testimony as a witness, or, as in this case, to show that the act in question had not been committed.

That proof of the bad moral character of a witness may be adduced for the purpose of impeaching his testimony, has been so often decided in this state, as to have become an established rule of evidence.  It was so held as far back as the case of *State* v. *Stallings*, 2 Hay., 300; and also in *State* v. *Boswell*, 2 Dev., 209.

In *State* v. *Jefferson*, 6 Ired., 305, which was an indictment for rape, when it was proposed that the prosecutrix, who was a witness for the state, had permitted other negro men to kiss her and take other liberties with her, Chief Justice RUFFIN said: "That familiarities had occurred, indicative of habitual criminal connexion between these persons, as proved by the prisoner's fellow servants, was properly left to the jury, as tending to disprove the probability of the use of force or fear by the prisoner, and to discredit the witness for the state.  No doubt too that it would have been proper to receive evidence that the woman was a prostitute upon similar grounds, and particularly that she had criminal intercourse with other negroes.  But that ought only to be done upon general evidence."  In concurrence with this decision is Taylor on Evidence § 336, where it is held that on indictment for rape, or an attempt to commit that crime, while evidence of general bad character is admissible to show that

the prosecutrix, like any other witness, ought not to be believed upon her oath, proof that she is a reputed prostitute would go far towards raising an inference that she yielded willingly to prisoner's embraces. Therefore, general evidence of this kind is admissible, though the woman be not called as a witness. See also *State* v. *Murray*, 63 N. C., 31.

There is error. Let this be certified, &c.

Error. *Venire de novo.*