STATE v. ISAAC HAIRSTON AND NELLIE LEE.

*Indictment for Rape—Carnal Intercouse with Child Between Ten and Twelve Years of Age—Trial—Evidence—Character of Prosecutrix—Testimony, Admissibility of—Bible Entries as to Age.*

1. While a witness as to character may, of his own motion, say in what respect the character of the person asked about is good or bad, the party introducing him can only interrogate him as to the general character of such person; hence, defendants charged with rape cannot prove by their witness as to character of prosecutrix that such character was bad for virtue.

2. On the trial of an indictment for rape and for carnally knowing and abusing a female child between ten and twelve years of age, it was not error to refuse to permit a witness to state that prosecutrix had proposed to have sexual intercourse with him, when defendants did not propose to show that the witness had actually had intercourse with her.

3. Where, on the trial of a criminal action, the defendants, had, without the direction or sanction of the Court, caused the jailer to bring a prisoner in the Court room to testify, it was not error for the trial judge to order the witness to be sent back to jail after she had been examined for the defendants.

4. In the trial of an indictment for carnally knowing and abusing a female child between ten and twelve years of age, it was proper to allow her age to be shown by entries in a Bible where the witness states that he knew the handwriting of the child's mother, that the Bible had belonged to the mother and that the entries had been made by her and that she had been dead seven years.

5. It is not error to refuse to give instructions to the jury that were not asked for at or before the close of the evidence.

6. A man and a woman are both guilty of abusing and carnally knowing a female child where both caused the child to become drunk and the man had intercourse with the child while being held by the woman.

7. Where an indictment where defendants were tried under an indictment containing two counts, one for rape and the other for abusing and carnally knowing a female child, and were convicted of the lesser offence, they cannot complain that the trial judge stated to the jury that the punishment for rape was death by hanging, and for the other offence, imprisonment in the penitentiary.

INDICTMENT containing two counts, one for rape and the other for abusing and carnally knowing a female child over ten and under fourteen years of age, (Chapter 295, Acts of 1895) tried before *Allen, J.,* and a jury at Spring Term, 1897, of GUILFORD Superior Court. The facts are stated in the opinion.

The fourth exception referred to in the opinion was to the evidence of Dr. Schenck who, for the purpose of showing penetration by the male defendant and also to the fact that the prosecutrix was under fourteen years of age, was allowed to testify that, upon examination of the prosecutrix, he had found the private parts torn and that there were no signs of womanly development or of arrival at the age of puberty which, he stated, was usually between thirteen and fifteen years of age.

The sixth exception referred to in the opinion was to the

refusal of his Honor to give instructions that were not asked for until after the State's solicitor had begun his concluding argument to the jury.

The seventh exception was to the instruction that if the defendants made the prosecutrix drunk and the male defendant had sexual intercourse with her aided by the female defendant who forcibly held the prosecutrix, both would be guilty.

The defendants were convicted of the lesser offence charged in the indictment and were sentenced to imprisonment in the penitentiary, the male defendant for 15 years and the female defendant for 10 years. From this judgment the defendants appealed.

*Mr. Zeb V. Walser, Attorney General,* for the State.
*Mr. John N. Staples,* for defendants (appellants).

FURCHES, J.: The defendants were indicted under two counts—one for rape, under Section 1101 of *The Code,* and the other for the lesser offence of abusing and carnally knowing one Nellie Harris, a female child over ten years of age and under fourteen, under Chapter 295 of the Acts of 1895. The evidence of the State tended to prove that the defendant Hairston, and the defendant Lee acting in concert, procured whiskey, got the prosecuting witness into a room, gave her whiskey until she was drunk, and that the defendant Lee helped to hold the prosecutrix while the defendant Hairston had sexual intercouse with her; that the prosecutrix was over ten and under fourteen years of age, that she was twelve years old. The defendants were convicted of the lesser offence, provided for in Chapter 295 of the Acts of 1895, and appealed, assigning the following errors :

The defendants introduced one Estelle Thomas who testified that she knew the general character of the prosecutrix

and that it was bad. The defendants then asked the witness what was the character of the prosecutrix for virtue. Objected to by the State and excluded, and the defendants excepted. This exception cannot be sustained for two reasons: A party introducing a witness as to character can only prove the general character of the person asked about. The witness, of his own motion, may say in what respect it is good or bad. He may have to do this in justice to himself—in other words, to tell the truth. As for instance, the party spoken of had a general good character for some things, and a general bad character for other things; the witness could not truthfully say it was bad, nor that it was good, without qualification; or the opposite party may, on cross examination, test the witness by asking him as to what it is bad for, what it is good for, etc. State v. Laxton, 76 N. C., 216; State v. Daniel, 87 N. C., 507. Neither is it stated that the defendant expected to prove. It may be supposed what they expected to prove it bad. But this Court should not be left to doubt and speculate as to what the defendants expected to prove.

Second exception:—The defendants introduced a witness, Scott, and asked him if the prosecuting witness had not proposed to have sexual intercourse with him. This evidence was objected to by the State, and the Court asked the counsel for the defendants if he expected to follow this question by showing that Scott had intercouse with the prosecutrix, to which he answered that he did not, and the Court excluded this evidence. We see no error in this ruling.

Third exception: The defendants' counsel without permission of the Court had ordered the jailor to bring one Emma Bass, a prisoner then in the jail, to the Court House to be used as a witness; that after Emma had been examined by the defendants, the Court ordered the jailor to take her back to jail. While we cannot approve of the course taken

by defendants' counsel to get this witness out of jail, we do approve the order of the Judge in sending her back to jail. This exception cannot be sustained.

Fourth exception—as to Dr. Schenck's evidence cannot be sustained. Nor can the fifth exception, as to the evidence of William Harper, as to her age, nor as to the Bible entries, as he swore that he knew the handwriting of Nellie's mother —that they were in her handwriting and the mother had been dead seven years. This exception is overruled.

The sixth exception cannot be sustained. This has been so often decided by this Court that it would seem to need no citations to sustain the action of the Court. *State* v. *Rowe,* 98 N. C., 629; *Grubbs* v. *Insurance Co.,* 108 N. C., 472.

The seventh exception cannot be sustained, for the reason that it was a correct enunciation of the law, and for the further reason that the defendants have not been convicted of rape, to which this charge of the Judge was applicable.

The eighth exception is that the Judge told the jury that the punishment for rape was death, and that for the lesser offence charged in the indictment it was fine or imprisonment in the penitentiary. We have at this term approved the ruling of Judge Starbuck in refusing, at the request of the jury, to give this instruction, and we do not wish to be understood as approving it in this case. But what grounds the defendants have to object to it, we are unable to see. In all probability it saved them from the gallows. The judgment is affirmed.

Affirmed.