W. S. EDWARDS v. THOMAS J. PRICE.

(Filed 13 May, 1913.)

**Character Witnesses—Impeaching Evidence—Admissibility.**

A witness introduced to impeach the character of a party who has testified may only be asked as to the general character of that party by the one introducing him; but after affirmatively answering the question the witness may qualify his own testimony by stating that his knowledge thereof extends to certain localities and for certain stated qualities. Testimony as to specific acts is not admissible for the purpose of impeachment of character of witness. The rule as to the admissibility of this character of evidence stated by CLARK, C. J.

APPEAL by defendant from *O. H. Allen, J.,* at August Term, 1912, of ALLEGHANY.

*R. A. Doughton for plaintiff.*
*T. C. Bowie for defendant.*

CLARK, C. J. This is an action to recover damages in a horse trade, alleging breach of warranty and deceit.

The first and second assignments of error are abandoned by not being stated in the appellant's brief. Rule 34. We find no error in the other assignments of error, except the fourth assignment of error and the fifth, seventh, eighth, and ninth, which present the same proposition. The tenth assignment of error is that the witness, when asked as to the general reputation of the defendant, answered that he knew only his general repu-

tation as a horse trader around Jefferson and down in Wilkes County, but he did not know his reputation in his own community, nor anywhere except as a horse trader, which was bad in the localities named.

It is not competent for the party introducing the character witness to ask further than as to the general character of the party impeached. But the witness can qualify his own testimony by stating that he does not know the general character, but only in certain localities or for certain qualities. The witness's means of knowing the character of the defendant were confined, it seems, to those localities and to that one business which seems to have been the occupation of the defendant in those localities. The defendant had testified in the case. We do not see that the defendant has sustained any injury in regard to the admission of this evidence. He had the right to cross-examine, and there was much other evidence as to character, both for and against him. The fourth exception was: "Did not the defendant have the general reputation of having seduced Miss Blevins, an innocent and virtuous woman?". It was error to admit this question. As was also the admission of the same question and answer as to other witnesses, as set out by assignments of error 5, 7, 8, and 9.

The rule as to this matter has been fully settled by many decisions in this Court. It is this: The party himself, when he goes upon the witness stand, can be asked questions as to particular acts, impeaching his character, but as to other witnesses it is only competent to ask the witness if he "knows the general character of the party." If he answers "No," he must be stood aside. If he answers "Yes," then the witness can, of his own accord, qualify his testimony as to what extent the character of the party attacked is good or bad. The other side, on cross-examination, can ask as to the general character of the party for particular vices or virtues. But it is not permissible either to show distinct acts of a collateral nature nor a general reputation for having committed such specified act. McKelway Ev., secs. 123, 125; 1 Gr. Ev., secs. 461-b. To permit this would protract trials to an indefinite extent by permitting the investigation of numerous incidents, if not indeed the whole life of

the party, and would distract the attention of the jury from the real points at issue in the case and turn the trial into an investigation of the character of the party. It is important to confine the rule strictly as above stated, both to concentrate the attention of the jury upon the matters in issue and to avoid unnecessary length of trials.

The Court is reluctant to give a new trial upon a matter of this kind. But aside from the necessity, for the reasons already given, for restricting inquiries, it is also extremely probable that questions of this kind would prejudice the defendant not merely as to the weight to be given to his testimony, but also upon the merits of the case. The proposition as we have laid it down is clearly stated in *S. v. Bullard,* 100 N. C., 487, and in many cases there cited; *Marcom v. Adams,* 122 N. C., 222; *S. v. Hairston,* 121 N. C., 579.

The same rule was reiterated and again clearly stated by *Allen, J.,* in *S. v. Holly,* 155 N. C., 492, giving the reasons requiring the maintenance of the well-settled rule, and citing numerous cases, with the reasons for its maintenance.

We must direct a new trial for this

Error.