STATE v. HENRY PEARSON.

(Filed 25 May, 1921.)

**1. Appeal and Error—Brief—Exceptions Abandoned—Objections and Exceptions.**

Exceptions not brought forward in appellant's brief are taken as abandoned. Rule of Supreme Court 34. (174 N. C., 837.)

**2. Evidence—Character—Truth and Veracity.**

A witness as to character can only be questioned as to the general character of the defendant in a criminal action, and not as to his character for truth, unless the defendant has gone upon the stand in his own behalf, and the State has offered evidence for the purpose of impeaching his testimony as not being the truth. *S. v. Foster*, 130 N. C., 675, cited and distinguished.

**3. Appeal and Error—Instructions—Contentions—Criminal Law.**

Exception to the statement made by the judge of the contention of a party is not ordinarily reviewable on appeal, especially if appellant has not excepted to the evidence upon which it was based.

**4. Intoxicating Liquors—Spirituous Liquors—Instructions.**

Where there is direct evidence of the unlawful sale of spirituous liquors by the defendant, or his keeping it for sale, under indictment therefor an instruction for the jury to find him guilty if they were so satisfied beyond a reasonable doubt is not erroneous.

APPEAL by defendant from *McElroy, J.,* at January Term, 1921, of BUNCOMBE.

The defendant was found guilty on two counts: first, for selling liquor, and second, for keeping liquor on hand for sale, in violation of prohibition laws. Verdict of guilty, sentence, and appeal.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*
*Wright & Craig for defendant.*

CLARK, C. J. Todd, witness for the State, testified that on 7 November, 1920, he purchased one pint of liquor from the defendant for $6 at his restaurant in Asheville, and that at other times since 1913 he had purchased drinks from him. He testified also that the defendant kept the liquor in a five or ten gallon can and in a coffee pot. Jarrell, another witness for the State, testified that he had purchased the liquor which was exhibited in evidence for the witness Todd, who gave him $6 which he paid for it. Shaw, another witness, testified that he was present when the liquor was handed to the witness Jarrell. Here the State rested, and the defendant moved for judgment of nonsuit, which

was denied, the court remarking to the counsel that he would have to charge the jury if they believed the evidence to find the defendant guilty, to which the defendant excepted. There was no error in this statement upon the evidence then before the court. The defendant then testified in his own behalf that he did not sell any liquor to Todd, and that he never had any liquor for sale in a coffee pot or in a five or ten gallon can.

There was evidence from some of the defendant's witnesses that he was a man of good character, and others gave him not so good a character. The defendant excepted because the court refused to permit two of the defendant's witnesses to answer the question, "Do you know defendant's character for truth and veracity?" These two exceptions were abandoned, not being brought forward in defendant's brief. Rule 34 of this Court (174 N. C., 837), provides: "Exceptions in the record not set out in appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned by him." The exception, however, could not have been sustained, if insisted on, for the rule is well settled that the party introducing a witness as to character, "can only interrogate him as to the general character of such person"; *S. v. Hairston,* 121 N. C., 582, citing *S. v. Daniel,* 87 N. C., 507; *S. v. Laxton,* 76 N. C., 216. The counsel, in making these exceptions, was probably misled by what was said in *S. v. Foster,* 130 N. C., 675, that "when the defendant has gone upon the stand in his own behalf it is competent to prove his general character for truth," but the context shows that this arose upon evidence for the State to impeach his character as is shown by the citation of *S. v. Traylor,* 121 N. C., 674.

Exception 5 was simply a statement by the judge of a contention by the State; besides, the defendant did not object to the admission of the evidence upon which the contention was based.

Exception 6 was because the court charged the jury: "If the State has satisfied you beyond a reasonable doubt that at the time named, the defendant in this case delivered to the witness, James Todd, a pint of spirituous liquors, and that the witness paid him therefor the sum of $6, then the court charges you that the defendant is guilty of selling spiritous liquors, and it is your duty to return a verdict of guilty."

The seventh exception is to the following charge: "If, from all the evidence, you are satisfied beyond a reasonable doubt that the defendant kept spiritous liquors on hand for the purpose of sale, then it is your duty to return a verdict of guilty."

In these particulars we find no error. The other exceptions are formal, to the denial of a motion for a new trial; and to the judgment.