STATE .v. GEORGE SAULS.

(Filed 2 July, 1930.)

1. **Concealed Weapons B a — Evidence of guilt of carrying concealed weapon held sufficient to go to the jury.**

   Evidence that the defendant was arrested on the premises of another and had on his person when arriving at the jail a pistol belted to him and covered by a sweater he was wearing, and that the officers arresting him saw no weapon on him at the time of the arrest, is sufficient to take the case to the jury upon the question of his guilt of carrying a concealed weapon in violation of the statute over the defendant's contention and testimony that the weapon was not concealed, the issue being for the determination of the jury.

2. **Concealed Weapon A a—Knowingly carrying concealed weapon is equivalent to intent to conceal.**

   The knowledge of the defendant that he was carrying a concealed weapon is equivalent under the statute to criminal intent to conceal required by law for conviction, and an instruction that if the jury should find from the evidence that the defendant carried the pistol off his own premises knowing it to be concealed he would be guilty, otherwise not guilty, is not error.

3. **Concealed Weapons B b—Instruction in this case held 'for reversible error.**

   Where a defendant is tried for the statutory offense of carrying a concealed weapon off his own premises, and there is evidence permitting the inference that it was not concealed at or before the time of his arrest, and that later it was concealed by accident, an instruction, which in effect charges the jury that the defendant would be guilty if the weapon was not concealed at the time of the arrest, and was thereafter concealed by accident, is reversible error.

4. **Criminal Law L e—Exceptions to admission of evidence on cross-examination of defendant held without merit.**

   Exceptions by the defendant to the admission of his answers to questions asked him on cross-examination by the State are held to be without merit, the answers being to a collateral matter and favorable to the defendant, and the State being bound thereby.

APPEAL by defendant from *Clement, J.,* at January Term, 1930, of GASTON. New trial.

Defendant was indicted for carrying a concealed weapon, to wit, a pistol, off his own premises in breach of section 4410 of the Consolidated Statutes. He was convicted, and from the sentence pronounced he appealed upon error assigned.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*J. F. Flowers for defendant.*

7—199

STATE *v.* SAULS.

ADAMS, J.  The statute provides that if any one, except when on his own premises, shall carry a deadly weapon concealed about his person, he shall be guilty of a misdemeanor.  The essential elements of the offense are these: (1) The defendant must be off his own premises; (2) he must carry a deadly weapon; (3) the weapon must be concealed about his person.

R. C. Thompson testified that he was the chief of police of Mount Holly, and that he arrested the defendant at the house of Press Hamilton in Mount Holly; so the defendant was off his own premises.  He testified that he carried the defendant to the police station and there found a pistol on his person.  This is evidence that the defendant had the pistol at the time of his arrest.  That it was a deadly weapon is self-evident and undisputed.  When he was arrested, did the defendant have the weapon concealed about his person?  There is no evidence that the officer saw the pistol at the time he made the arrest.  Frank Torrence, another witness for the State, testified that he was with Thompson when the defendant was arrested, and that he first saw the pistol when it was taken from the defendant.  This was at the police station.  Neither of the witnesses for the State said that the weapon was not concealed when the arrest was made.  Now, the statute contains this provision: "If any one, not being on his own lands, shall have about his person any such deadly weapon, such possession shall be prima facie evidence of the concealment thereof."  Testimony that the defendant, when arrested, was off his own premises and had the pistol in his possession was sufficient of itself to take the case to the jury—particularly in the absence of affirmative evidence on the part of the State that the weapon was not concealed.

The defendant was arrested at Hamilton's house, taken to an automobile, and carried to the police station.  Thompson testified that he then found the pistol on the defendant's person, that it was on his belt in front of his body, and was concealed by his sweater which came down over it.  The officers walked behind the defendant to the car, but it is hardly legitimate to infer that they were behind him when the arrest was made or that they would not have seen the pistol in the defendant's belt if it had not been concealed.

The defendant and his witness testified that the pistol was not concealed; but their testimony simply raised an issue for the jury.  The motion to dismiss the action was therefore properly overruled.  The significance of prima facie proof is clearly pointed out in *S. v. Wilkerson,* 164 N. C., 431.

The two exceptions to the admission of evidence on the cross-examination of the defendant are without merit.  They related to a collateral

STATE *v.* SAULS.

matter, and the State was bound by the answers which were favorable to the defendant.

The defendant requested an instruction to the effect that the gravamen of the offense is the intention to carry the weapon concealed, and that if the defendant had the weapon on his person with no intention to conceal it, and it was not concealed prior to his arrest, he would not be guilty. The prayer was not given as tendered, but his Honor instructed the jury that intent is an essential of the crime; that there is no law against carrying a pistol if it can be seen; that the defendant was guilty if, being off his own premises, he carried the pistol concealed on his person and knew it was concealed; otherwise he would not be guilty.

There was evidence to justify the jury in finding that the defendant knew he had the pistol concealed about his person. In *S. v. Simmons,* 143 N. C., 613, the defendant proposed to testify that "he did not intend to conceal the pistol." The Court said: "He must be presumed to have intended to do that which he knowingly did. Knowledge that he was carrying the weapon concealed is equivalent, under the statute, to the criminal intent to conceal, which is required by the law to exist, there being no lawful excuse for carrying it." This principle was sufficiently explained in the present case.

In another respect, however, the charge is defective. The defendant testified that he had a pistol but it was not concealed; that he had on a sweater and that the pistol was visible at all times unless after he was arrested it became accidentally concealed for a moment. The controlling question was whether the defendant, being off his premises, had the pistol concealed about his person at the time of or prior to his arrest. Of course evidence of subsequent circumstances was competent on this point; but the charge is so worded as to admit of the defendant's conviction although the pistol was unconcealed up to the time of his arrest and was afterwards concealed by accident and without his knowledge. Whether this defense was worthy of belief was a matter for the jury, but the defendant had a right to have it submitted under proper instructions.

For the error complained of there must be a
New trial.