IN RE WILL OF PETER R. NELSON.

(Filed 30 June, 1936.)

**Wills D d: Evidence H a—Testimony as to general business reputation of testator held incompetent on issue of mental capacity.**

Testimony of the general reputation of testator in the community as a business man is incompetent on the issue of mental capacity, such evidence not coming within any of the exceptions to the hearsay rule, and the testimony admitted in this case as to testator's business sagacity in particular types of transactions *is held* incompetent on the further ground that it violates the rules that particular facts may not be proven by general reputation. The rule permitting opinion testimony as to testator's mental capacity, based upon the witness' observation and contact with testator, distinguished.

APPEAL by the caveators from *Hill, Special Judge,* at October Term, 1935, of SURRY. New trial.

This is a proceeding for the probate of three paper writings propounded as the last will and testament of Peter R. Nelson and codicils thereto.

The issues were answered in favor of the propounders, and from judgment based upon the verdict the caveators appealed, assigning errors.

*Folger & Folger for caveators, appellants.*

*W. R. Badgett, D. L. Hiatt, and E. C. Bivens for propounders, appellees.*

SCHENCK, J. The issue raised by the pleadings related to the testamentary capacity of Peter R. Nelson at the time he signed the paper writings offered for probate. The court, over exceptions duly noted, permitted the propounders to ask the following questions and receive the following answers from the witness I. M. Gordan, to wit:

"Q. Do you know the general reputation of P. R. Nelson in the community where he lived as to his business ability?

"A. I think I do.

"Q. What is it?

"A. Very high. He was considered an exceptional business man in his line of business, that is handling farms and dealing with renters so as to make the renters make something for themselves and for him, too."

The court, also over objection and exception of the caveators, allowed the following questions and answers to and from the witness W. H. Reid, to wit:

"Q. Do you know his (P. R. Nelson's) general reputation for business ability?

"A. I think I do.

"Q. What is it?

"A. Good."

The court further, over objection and exception of the caveators, allowed the following questions and answers to and from the witness W. L. Lynch, to wit:

"Q. Did you know the general reputation as to business ability of Mr. Nelson?

"A. Yes.

"Q. What was it?

"A. Good."

We are of the opinion, and so hold, that in admitting the evidence as to the general reputation of the testator's business ability the court committed error. "It follows, since reputation is looked to merely as evidence of the character reputed, that the reputation is *hearsay testimony;* for it is the expression of an opinion on the part of the community, used testimonially, but uttered out of court and not under cross-examination. It is therefore receivable, if at all, as an exception to the hearsay rule." Wigmore on Evidence (2 Ed.), Vol. 3, par. 1609, p. 357. "Evidence, whether oral or written, is called hearsay when it depends, either wholly or in part, upon the competency and credibility of some person other than the witness who is testifying. Such evidence is inadmissible for the reason that the statements made were not under oath, the judge and jury cannot observe the demeanor of the absent witness, and for the further and more important reason that the constitutional guaranty that the accused shall be confronted with the witnesses against him so as to allow opportunity for cross-examination, is not complied with. There are certain exceptions to the above rule by which hearsay evidence is admitted when the circumstances are such as to make the truth of the evidence highly probable. The exceptions are admissions, confessions, dying declarations, declarations against interest, ancient deeds, declarations concerning matters of public interest, boundary, matters of pedigree, the *res gestæ,* and perhaps some others." Lockhart's N. C. Handbook of Evidence, par. 138, pp. 156-157. It will be noted that evidence of the general reputation for mental capacity is not enumerated among the exceptions to the rule that hearsay evidence is inadmissible. We have also scanned our decisions and can find no precedent or reason for excepting such evidence from the general rule. "On the issue of testamentary capacity, . . . evidence as to the testator's reputation for sanity or insanity is inadmissible." 68 C. J., par. 63, p. 458. See, also, *Thompson v. Ish,* 99 Mo., 160; *Brinkman v. Rueggesick,* 71 Mo., 553; *Pidcock v. Potter,* 68 Pa., 342; *In re Wah-kon-tah-he-um-pah's Estate,* 109 Okl., 126; *In re Lawrence's Estate,* 286 Pa., 58.

The evidence as admitted by the court also contravenes the principle frequently enunciated by this Court that particular facts cannot be proven by general reputation. *S. v. Holly,* 155 N. C., 485; *Edwards v. Price,* 162 N. C., 243; *S. v. Nance,* 195 N. C., 47. Here the propounders were permitted to prove by evidence of general reputation that the testator was a man of good business ability. While it is true that upon an issue of *devisavit vel non* a witness may testify as to his opinion of the mental capacity of the testator from his observation and contact with him, this does not extend to allowing a witness to give hearsay testimony as to the ability of the testator by testifying as to his general reputation for mental ability.

For the error assigned, the caveators are entitled to a
New trial.