J. W. ROBBINS v. KATE L. ALEXANDER AND HUSBAND, W. P. ALEXANDER.

(Filed 30 April, 1941.)

**Evidence § 26—Plaintiff held entitled to new trial for admission of evidence of collateral matters not relating to issue in suit.**

In an action to enforce a lien for the balance due for work and labor performed, under contract, in drilling a well on defendants' land, defended on the ground that the well was not properly drilled in accordance with the contract, resulting in the failure of defendants to obtain good water, testimony as to plaintiff's general reputation for drilling wells and his want of success in other specific instances does not relate to the issue of whether plaintiff complied with his contract for drilling the particular well on defendants' land, and the admission of such evidence constitutes prejudicial error.

APPEAL by plaintiff from *Johnston, Special Judge,* at September Term, 1940, of MECKLENBURG. New trial.

*McRae & McRae for plaintiff, appellant.*
*Henry L. Strickland for defendants, appellees.*

DEVIN, J. Plaintiff sued to enforce a lien for the balance due for work and labor performed, under contract, in drilling a well on defendants' land. The suit was defended on the ground that the well was not properly drilled in accordance with the contract, and that in consequence defendants did not obtain good water. The verdict went for the defendants and there was judgment accordingly.

The plaintiff assailed the validity of the judgment against him chiefly on the ground that the trial judge erred in the admission of incompetent testimony prejudicial to his cause. Over the plaintiff's objection the following question and answer were admitted:

"Q. Do you know about his (plaintiff's) general reputation for drilling wells, and do you know anybody else there that he has dug a well like this one is?

"A. I know that he dug a well for Mr. Darby and Mr. Darby does not use his well, and had to have another one dug, by a man from Landis. He is the man that measured my well. Mr. Darby has got a good well now."

Since the question at issue related to the manner and extent of plaintiff's compliance with his contract for drilling the particular well on defendants' land, evidence as to his general reputation for drilling wells and his want of success in other specific instances was incompetent. *In re Will of Nelson*, 210 N. C., 398, 186 S. E., 480; *Edwards v. Price*, 162 N. C., 243, 78 S. E., 145. This evidence tended to introduce collateral issues and was sufficiently prejudicial on the merits of the case to entitle the plaintiff to a new trial.

As there must be a new trial for the error pointed out, it is unnecessary to discuss the other questions presented by plaintiff's exceptions, as they may not arise upon another trial.

New trial.