### STATE v. ALF THOMAS.

(Filed 17 September, 1941.)

**1. Homicide § 25—**

Evidence of defendant's guilt of murder in the second degree held sufficient.

**2. Criminal Law §§ 41a, 81c—**

The trial court has the discretionary power to permit the State to ask its witness a leading question, and when the testimony so elicited is competent and defendant is not prejudiced thereby, his exception will not be sustained.

**3. Criminal Law § 41j: Homicide § 18a—**

Where a dying declaration is admitted in evidence and the defendant seeks to attack the credibility of the deceased, the State's objection to a question as to the general reputation of the deceased for truth and veracity is properly sustained.

**4. Criminal Law § 81c—**

When it does not appear what the answer of the witness would have been had he been permitted to testify, appellant's objection to the exclusion of the testimony cannot be sustained.

**5. Homicide § 18a—**

The dying declaration of the deceased *held* properly admitted in evidence upon authority of *S. v. Jordan*, 216 N. C., 356.

APPEAL by defendant from *Warlick, J.*, at February Term, 1941, of SURRY. No error.

The defendant was charged with the murder of one Will Matthews. The jury returned verdict of guilty of murder in second degree, and from judgment imposing prison sentence, defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*

*Woltz & Barber for defendant.*

DEVIN, J. The evidence for the State tended to show that the defendant shot and killed the deceased without provocation. Defendant's evidence tended to show some elements of self-defense, or, at least, mitigation. He testified that the deceased began the shooting, and that he thereupon fired three shots with fatal result.

Under a charge free from error the jury rejected the defendant's plea of self-defense, and convicted him of murder in the second degree. The evidence fully warranted the verdict.

Defendant's assignments of error relate to the rulings of the court on the admission of testimony. We have examined each of the defendant's exceptions with care, and reach the conclusion that none of them can be sustained. While some of the testimony was elicited in response to leading questions, the evidence was competent and the ruling of the trial judge was a matter of discretion. S. v. Buck, 191 N. C., 528, 132 S. E., 151. The suggestion of prejudice therefrom is not borne out by the record. S. v. Hargrove, 216 N. C., 570, 5 S. E. (2d), 852. Objection to the question propounded to a witness as to the general reputation of the deceased for truth and veracity was properly sustained, (S. v. Hairston, 121 N. C., 579, 28 S. E., 492; Edwards v. Price, 162 N. C., 243, 78 S. E., 145; S. v. Pearson, 181 N. C., 588, 107 S. E., 305; S. v. Nance, 195 N. C., 47, 141 S. E., 468), and exception thereto is untenable as the record does not show what answer the witness would have given.

Exception to the ruling of the court in sustaining proffered testimony of defendant as to his conversations with others relating to the deceased prior to the homicide is without substantial merit.

The dying declaration of the deceased was properly admitted in evidence. S. v. Whitson, 111 N. C., 695, 16 S. E., 332; S. v. Jordan, 216 N. C., 356, 5 S. E. (2d), 156.

In the trial we find

No error.