### STATE v. WRIGHT W. JONES.

(Filed 15 December, 1948.)

**1. Criminal Law § 31h—**

The exclusion of testimony as to whether defendant "knew exactly what he was doing" when under the influence of narcotics cannot be held for error, since the inquiry upon the issue of defendant's mental irresponsibility is whether he knew right from wrong and not whether he knew exactly what he was doing.

**2. Criminal Law § 81c (3)—**

The exclusion of testimony cannot be held prejudicial when the record fails to show what the witness would have answered.

**3. Criminal Law § 31c—**

The qualification of an expert is ordinarily a matter resting in the sound discretion of the trial court.

**4. Criminal Law § 31h—**

On the issue of mental capacity, the exclusion of opinion evidence as to the effect specified drugs would have on a person cannot be held for reversible error when it does not appear that the testimony of the witness would have related to whether the drugs would render a person unable to distinguish right from wrong.

**5. Criminal Law § 5b—**

Upon the plea of mental irresponsibility, the test is the capacity of defendant to distinguish between right and wrong at the time and in respect of the matter under investigation.

APPEAL by defendant from *Armstrong, J.,* at March Criminal Term, 1948, of GUILFORD (High Point Division).

Criminal prosecution on indictment charging the defendant with the murder of his wife, Leora Jones.

The record discloses that in the late afternoon of 7 January, 1948, Leora Jones was in the kitchen of her home, preparing the evening meal, when her husband, the defendant approached from behind and struck

STATE v. JONES.

her with a hatchet. A struggle ensued between the two which was carried on throughout the house and finally ended in a small hall near the bathroom, where the body of the deceased was found with knife wounds in her chest which produced her death.

The defendant entered a plea of not guilty and sought to show that he was insane or irresponsible at the time, superinduced by excessive use of narcotics or dope—morphine.

Verdict: Guilty of murder in the first degree.

Judgment: Death by asphyxiation.

The defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*James V. Morgan for defendant.*

STACY, C. J. Only two questions are presented by the appeal.

1. The defendant offered his brother as a witness, who told of the defendant's use of dope over a long period of time and the effect it had upon him, especially in respect of his nervous system. Near the close of his examination in chief, he was asked this question: "When he was under the influence of dope, do you have an opinion as to whether he knew exactly what he was doing?" Objection; sustained; exception.

The ruling must be sustained on appeal for two reasons: First, the question did not go to the defendant's sanity; it stopped short of the requisite inquiry; and, secondly, the record fails to show what the witness would have answered. *S. v. Webb,* 228 N. C. 304, 45 S. E. (2) 345; *S. v. Utley,* 223 N. C. 39, 25 S. E. (2) 195; *S. v. Thomas,* 220 N. C. 34, 16 S. E. (2) 399.

2. The defendant sought to qualify an unlicensed pharmacist as an expert to testify in respect of the effects of nembutal and morphine on individuals. The court refused to qualify the witness as an expert for want of sufficient showing in respect of his qualifications. The witness stated that he knew what effect these drugs would have upon a person, and presumably he would have so testified, albeit the record fails to show what his testimony would have been.

For three reasons, then, the ruling must be sustained on appeal. In the first place, the qualification of an expert is ordinarily a matter resting in the sound discretion of the trial court, *S. v. Smith,* 223 N. C. 457, 27 S. E. (2) 114; *S. v. Wilcox,* 132 N. C. 1120, 44 S. E. 625; secondly, it does not appear to what extent the witness would have gone in his testimony, *S. v. Journegan,* 185 N. C. 700, 117 S. E. 27; and, thirdly, the record fails to show what testimony the witness would have given.

The question at issue was the capacity of the defendant to distinguish between right and wrong at the time and in respect of the matter under investigation. *S. v. Harris,* 223 N. C. 697, 28 S. E. (2) 232; *S. v. Potts,* 100 N. C. 457, 6 S. E. 657; *S. v. Brandon,* 53 N. C. 463. It does not appear that the witness proposed to speak to this question, either directly or obliquely.

No reversible error has been shown; hence the verdict and judgment will be upheld.

No error.