### STATE v. SHELLY WILLIAMSON.

(Filed 25 November, 1953.)

**1. Concealed Weapons § 1—**

In order to be guilty of violating G.S. 14-269 the accused must be off his premises, carrying a deadly weapon, and the weapon must be concealed about his person.

**2. Concealed Weapons § 5—**

Testimony to the effect that defendant was off his premises in full view of persons near enough to him to see a weapon if it were not concealed, and that the pistol carried by defendant was hidden from their observation, *is held* sufficient to overrule defendant's motion to nonsuit in a prosecution under G.S. 14-269.

**3. Criminal Law § 81c (4)—**

Where concurrent equal sentences are imposed upon conviction on each of two warrants, consolidated for trial, error relating to one count only cannot be prejudicial.

**4. Criminal Law § 14—**

The bare statement by the trial court that the charges embraced in the warrants had been first tried in the recorder's court will not be held for error as prejudicing defendant by the former proceedings, G.S. 15-177.1, there being no intimation by the court as to what happened in the recorder's court and the jury being charged that they could not convict defendant on either charge unless they were satisfied beyond a reasonable doubt from the evidence produced before them that defendant was guilty of such charge.

**5. Criminal Law § 53i—**

Where the sole evidence as to the character of defendant is that elicited on cross-examination of the State's witnesses to the effect that so far as the witnesses knew defendant had not been previously accused of a like offense and had not had "any trouble," *held* there is no evidence of the

general character of defendant in the community and the trial court properly omits any charge as to the effect of character evidence as substantive evidence and as corroborative of defendant's testimony.  G.S. 1-180.

**6. Criminal Law § 53f—**

The charge in this case *held* to have stressed the contentions of the State and of the defendant equally and was not subject to exception on the ground that it violated G.S. 1-180.

APPEAL by defendant from *Burney, J.,* and a jury, at February Term, 1953, of FRANKLIN.

Consolidated criminal prosecutions upon warrants charging the accused with carrying a concealed weapon and assaulting the prosecutor with such weapon.

These prosecutions had their origin in the Recorder's Court of Franklin County, where the accused Shelly Williamson was tried, convicted, and sentenced on two separate warrants.  The first warrant alleged that the accused willfully and intentionally carried a deadly weapon, to wit, a pistol, concealed about his person when off his own premises contrary to the statute codified as G.S. 14-269, and the second warrant charged that the accused unlawfully assaulted the prosecutor L. J. Peoples with such pistol by intentionally pointing it at him in violation of the statute embodied in G.S. 14-34.  The accused appealed from the judgments of the Recorder's Court to the Superior Court of Franklin County, where the prosecutions were tried anew before Judge John J. Burney and a jury upon the original warrants, which were consolidated for trial.

The evidence of the State on the trial in the Superior Court gives this version of the occurrence resulting in these prosecutions:

The prosecutor leased a mule to the landlord of the accused, an agricultural tenant.  On the occasion named in the warrants, the accused was driving the mule along a public highway at a rather rapid gait.  The mule was drawing a tobacco slide on which the accused was riding.  The prosecutor and a companion, who were proceeding along the highway in the former's automobile, overtook the accused.  The prosecutor stopped his automobile, and remonstrated with the accused for driving the mule so rapidly.  The accused became angry, dismounted from the slide, and stood in the highway in full view of the prosecutor and his companion, who were near enough to see any weapon carried by the accused if it were not hidden, and who did not observe any weapon on or about the accused's person.  After taking his stand in the highway, the accused "pulled" a pistol "out from some place about his person," aimed it at the prosecutor, called him "all kinds of bad names," and threatened to shoot him.  The prosecutor ceased his remonstrance at this point.  The accused thereupon terminated his threat.

The accused offered evidence on the trial in the Superior Court tending to show that he was not armed with a pistol on the occasion named in the warrants, and that he merely put his hand in an empty hip pocket to deter the prosecutor from making an unprovoked assault upon him.

The jury found the accused guilty upon both charges, and the trial judge sentenced him to imprisonment as a misdemeanant for six months upon each charge. The trial judge specified, however, that the two sentences should run concurrently.

The defendant excepted and appealed, assigning errors.

*Attorney-General McMullan, Assistant Attorney-General Bruton, and Gerald F. White, Member of Staff, for the State.*

*Taylor & Mitchell for defendant, appellant.*

ERVIN, J. The defendant makes these assertions by his assignments of error:

1. The trial judge erred in refusing the motion of the accused for a compulsory nonsuit on the charge of carrying a concealed weapon.

2. The trial judge erred in his charge by giving the jury this information: "The defendant is being tried upon two warrants first tried in the Recorder's Court of Franklin County."

3. The trial judge erred in his charge by failing to instruct the jury as to the law governing the effect which the petit jurors may give to evidence of the previous good character of an accused in a criminal action.

4. The trial judge erred in his charge by unduly emphasizing the contentions of the State.

We consider the assignments of error in the order in which they are stated.

The essential elements of the statutory crime of carrying a deadly weapon are these: (1) The accused must be off his own premises; (2) he must carry a deadly weapon; (3) the weapon must be concealed about his person. G.S. 14-269; *S. v. Sauls,* 199 N.C. 193, 154 S.E. 28. Counsel for the defense concede with commendable candor that the State's evidence is sufficient to establish that the defendant carried a deadly weapon, *i.e.,* a pistol, about his person when off his own premises. They stressfully contend, however, that all of the State's evidence indicates that the pistol was not concealed at any time, and that the charge of carrying a concealed weapon ought to have been involuntarily nonsuited in the court below on that ground. We are unable to agree. The State's evidence is to the effect that the pistol was hidden from the observation of persons who were in full view of the defendant and near enough to him to see it if it were not concealed. This evidence warrants the inference that the pistol was concealed. 68 C.J., Weapons, section 27.

The defendant would not be advantaged in any practical way on the present record by the refusal of the trial judge to nonsuit the charge of carrying a concealed weapon even if he could sustain his contention that the State's evidence does not support that charge. The sentences on the two charges are concurrent and equal, and the sufficiency of the State's evidence to support the charge of assault is neither questioned nor questionable. *S. v. Hicks,* 233 N.C. 511, 64 S.E. 2d 871.

The statute now incorporated in G.S. 15-177.1 provides that "in all cases of appeal to the superior court in a criminal action from a justice of the peace or other inferior court, the defendant shall be entitled to a trial anew and *de novo* by a jury, without prejudice from the former proceedings of the court below, irrespective of the plea entered or the judgment pronounced." *S. v. Meadows,* 234 N.C. 657, 68 S.E. 2d 406. The defendant asserts that the trial judge substantially impaired his statutory right to have the charges against him tried anew and *de novo* in the Superior Court without prejudice from the former proceedings of the recorder's court by informing the jury that the defendant was "being tried upon two warrants first tried in the Recorder's Court of Franklin County."

It would have been well had the trial judge refrained from any reference to any proceeding of the recorder's court. We are nevertheless at a loss to comprehend how the defendant could have suffered any harm from the naked statement of the trial judge that the charges embraced in the warrants had been first tried in the recorder's court. The jury was given no inkling of what happened in the recorder's court. Moreover, the trial judge instructed the petit jurors in most understandable words that the defendant was presumed to be innocent of both charges, and that they could not convict the defendant of either charge unless they were satisfied beyond a reasonable doubt from the evidence produced before them that he was guilty of such charge.

Where the accused in a criminal action testifies as a witness in his own behalf and also produces evidence tending to show that his general character in the community in which he resides or is known is good, he is entitled to have the petit jury consider the evidence relating to his general character for whatever it is worth both as corroborative evidence tending to confirm his credibility as a witness and as substantive evidence tending to prove his innocence on the issue of guilt or innocence. *S. v. Bridgers,* 233 N.C. 577, 64 S.E. 2d 867; *S. v. Moore,* 185 N.C. 637, 116 S.E. 161.

The trial judge did not err in his charge by failing to explain this rule of law to the jury. The only testimony at the trial bearing any possible relationship to the character of the defendant was that elicited by his counsel on the cross-examination of the State's witnesses Bullock, Dement, and Joyner. Bullock deposed "I took him to be a nice boy"; Dement

stated "as far as I know, he doesn't have a record or reputation of carrying a gun or pistol"; and Joyner testified "so far as I know he does not have any record for carrying a gun or having any trouble." These bits of testimony were not equivalent to evidence of the general character of the defendant in the community in which he resided or was known. *S. v. Pearson,* 181 N.C. 588, 107 S.E. 305; *S. v. Laxton,* 76 N.C. 216. Since there was no evidence at the trial tending to show the general character of the defendant, it would have been inappropriate for the trial judge to have instructed the jury in respect to the rule of law under present scrutiny. "The court is not required to instruct on academic propositions of law which have no substantial relation to the case." *S. v. Durham,* 201 N.C. 724, 161 S.E. 398.

The ancient statute embodied in G.S. 1-180 was amended by Chapter 107 of the 1949 Session Laws so as to require the trial judge to give equal stress to the contentions of the State and the accused in his charge to the petit jury in a criminal action. The defendant insists that the trial judge in the instant case offended this statutory requirement by unduly emphasizing the contentions of the prosecution.

This criticism is not merited. When the charge is read as a whole, it is manifest that the able and experienced trial judge stated the evidence accurately, stressed the contentions of the parties equally, and declared and explained the law correctly.

For the reasons given, there is in law

No error.