STATE OF NORTH CAROLINA
v.
GERALD THOMAS SWINEHART Defendant.
No. COA09-166
Court of Appeals of North Carolina
Filed May 5, 2009
This case not for publication
Roy Cooper, Attorney General, by Lisa Bradley Dawson, Assistant Attorney General, for the State.
Peter Wood, for defendant-appellant.
MARTIN, Chief Judge.
Defendant Gerald Thomas Swinehart appeals from a judgment entered on 15 October 2008 in Wake County District Court, in which defendant pled guilty to the following offenses: (1) one count of felonious breaking or entering in violation of N.C.G.S. § 14-54(a); (2) one count of felonious larceny after breaking or entering in violation of N.C.G.S. § 14-72(b)(2); (3) one count of felonious possession of stolen property in violation of N.C.G.S. § 14-71.1; (4) one count of felonious larceny in violation of N.C.G.S. § 14-72(a); and (5) four counts of attempted obtaining property by false pretenses in violation of N.C.G.S. § 14-100. The court consolidated the offenses for judgment and, after determining that defendant had five prior record level points, sentenced defendantas a Prior Record Level III offender to imprisonment for a minimum term of ten months and a maximum term of twelve months. The court suspended the sentence and placed defendant on supervised probation for thirty-six months.
Defendant contends the court erred when it added one point to its calculation of defendant's prior record level points based upon the court's conclusion that all of the elements in the present offenses were present in a prior offense. We agree.
In calculating an offender's prior record level, a court should add one point "[i]f all the elements of the present offense are included in any prior offense for which the offender was convicted, whether or not the prior offense or offenses were used in determining prior record level . . . ." N.C. Gen. Stat. § 15A-1340.14(b)(6) (2007). Since the court's determination of a defendant's prior record level is a conclusion of law, our review of this issue is de novo. See State v. Fraley, 182 N.C. App. 683, 691, 643 S.E.2d 39, 44 (2007). Accordingly, in the present case, we must compare the elements of defendant's prior offenses with the elements of the offenses for which he was sentenced on 15 October 2008 to determine whether the trial court was statutorily permitted to add one point to defendant's prior record level points.
At the time of his 15 October 2008 sentencing, defendant stipulated that he had two prior convictions for misdemeanor larceny and one prior conviction for misdemeanor carrying a concealed weapon. To convict a defendant of misdemeanor larceny, "it must be shown that he (1) took the property of another;(2) carried it away; (3) without the owner's consent[;] . . . (4) with the intent to deprive the owner of the property permanently"; (5) "where the value of the property or goods is not more than one thousand dollars ($1,000)." N.C. Gen. Stat. § 14-72(a) (2007) (emphasis added); State v. Reeves, 62 N.C. App. 219, 223, 302 S.E.2d 658, 660 (1983). The essential elements of the misdemeanor offense of carrying a concealed weapon are: "(1) [t]he accused must be off his own premises; (2) he must carry . . . [any bowie knife, dirk, dagger, slung shot, loaded cane, metallic knuckles, razor, shurikin, stun gun, or other deadly weapon of like kind]; (3) [and] the weapon must be concealed about his person." N.C. Gen. Stat. § 14-269(a) (2007); State v. Williamson, 238 N.C. 652, 654, 78 S.E.2d 763, 765 (1953).
As stated above, the offenses for which defendant was sentenced on 15 October 2008 were felonious breaking or entering, felonious larceny after breaking or entering, felonious possession of stolen property, felonious larceny, and attempted obtaining property by false pretenses. Whether a larceny is a felony or a misdemeanor is determined by the value of the goods stolen, for if the value of the stolen goods exceeds the sum of $1,000, the theft is a felony. See N.C. Gen. Stat. § 14-72(a); State v. Matthews, 175 N.C. App. 550, 556, 623 S.E.2d 815, 820 (2006). A larceny committed pursuant to a breaking or entering in violation of N.C.G.S. § 14-54 is also a felony called larceny after breaking or entering. See N.C. Gen. Stat. § 14-72(a), (b)(2). A person is guilty of possession of stolen property if he shall possess any property, "the stealing or taking whereof amounts to larceny or a felony, either at common law or by virtue of any statute made or hereafter to be made, such person knowing or having reasonable grounds to believe the same to have been feloniously stolen or taken." N.C. Gen. Stat. § 14-71.1 (2007). The essential elements of felonious breaking or entering are "(1) the breaking or entering (2) of any building (3) with the intent to commit any felony or larceny therein[; (4)] . . . without the consent of the owner or occupant." State v. Williams, 330 N.C. 579, 585, 411 S.E.2d 814, 818 (1992) (citation omitted); see N.C. Gen. Stat. § 14-54(a) (2007). The crime of obtaining property by false pretenses consists of the following elements: "'(1) a false representation of a subsisting fact or a future fulfillment or event, (2) which is calculated and intended to deceive, (3) which does in fact deceive, and (4) by which one person obtains or attempts to obtain value from another.'" State v. Parker, 354 N.C. 268, 28384, 553 S.E.2d 885, 897 (2001) (quoting State v. Cronin, 299 N.C. 229, 242, 262 S.E.2d 277, 286 (1980)).
Thus, an examination of the elements of the offenses for which defendant was sentenced on 15 October 2008 shows that "all the elements of the present offense[s]" are not included in either of the prior misdemeanor offenses to which defendant stipulated at the time of sentencing. See N.C. Gen. Stat. § 15A-1340.14(b)(6). Therefore, as conceded by the State, we hold the district court was not statutorily permitted to add one point to defendant's prior record level points. Since the deduction of one point from defendant's prior record level points calculation leaves defendant with four prior record level points and changes his prior record level determination from a Level III to a Level II, see N.C. Gen. Stat. § 15A-1340.14(c)(2), (3) (providing that Level III is "[a]t least 5, but not more than 8 points," while Level II is "[a]t least 1, but not more than 4 points"), this error affects defendant's sentence term. Accordingly, defendant is entitled to re-sentencing at the proper prior record level, and we remand this matter to the district court for that purpose.
Remanded for re-sentencing.
Judges CALABRIA and STEELMAN concur.
Report per Rule 30(e).