### STATE *v.* EDWARD WILLIAMS.*

On a trial for murder, a witness for the State has a right to relate to the jury the *whole* of a conversation which took place between the witness and the accused on the day after the alleged homicide; although in that conversation the witness, in answer to questions asked by the accused, expresses the belief, giving the reason for such belief, that the prisoner committed the homicide.

(*State* v. *Arnold*, 13 Ired. 184; *Bailey* v. *Pool*, Ibid., 404, cited and approved.)

MURDER, tried at the Fall Term, 1872, of PITT Superior Court, before *Moore, J.*

The evidence introduced by the State, and excepted to by the prisoner, is fully set out in the opinion of the Court.

There was a verdict of guilty. Rule for a new trial; rule discharged. Judgment of death, and appeal.

*Johnston & Nelson* and *Smith & Strong,* for appellant.

The rule of evidence is, that a witness testifying to a conversation which took place in his or her presence, and in the

_____

* This case was before the Court at the last Term, when a *venire de novo* was granted. See 67 N. C. Rep. 12.

presence of the accused, should be confined strictly to such matters as directly concern the prisoner; or in other words, to such facts or statements as would go to exculpate or inculpate the prisoner; and that all hearsay evidence, or opinions of the witness, should be excluded as irrellevant. The witness was introduced by the State, and the irrellevant testimony called out by the State before any cross-examination by prisoner's counsel. *State* v. *Arnold,* 13 Ired. 184; *Bailey* v. *Pool,* Ibid. 404.

*Attorney General,* contra.

BOYDEN, J. This being a capital case, the Court has examined with care the record, and find that no exception can be taken to it.

We have also examined the authorities cited by the counsel, to-wit: *State* v. *Arnold,* 13 Ired. 184, and the case of *Bailey* v. *Pool,* same book, 404, and we are of opinion that they have no tendency to establish the position urged by defendant's counsel.

Both exceptions are as to the admissibility of the evidence of the witness, Dorcas Tripp. This witness testified as follows: " That about noon, on the day after the homicide, Edward Williams, the accused, went to her house, in company with his mother, and said, Miss Dorcas, how come you to tell Joe Ballard that you would swear I killed Silas Avery?" To which, witness answered, " I did not tell Joe Ballard that I would swear that you killed Silas, but I did tell him, that I believed you killed him ; and I believe so still." Prisoner then asked the witness, "Why do you believe I killed him?" To which, witness replied, " I believe it, because you were at my house yesterday with a pistol, and fired it off twice; but would not let anybody see it." His mother then said, " He, the accused, says he gave the pistol to Mary Ann, (the wife of the deceased, and the party indicted as accessory before

the fact with the prisoner,) on Sunday evening before the homicide was committed; did you not say so, Ed?" He replied, "Yes, I did." To which, witness replied to the prisoner, "You did not do any such thing, because you had the pistol at my house all day Sunday, and would not show it, when they all wanted to see it." This witness further stated to the prisoner, "Another reason why I believe you killed Silas, is, because Mary Ann said she had rather be caught in bed with him, the prisoner, than walking along the road with Silas"; to which the prisoner replied: "He could not help what Mary Ann said; that John Jones was as much concerned as he was, and why should they pester him and not John Jones?" All the above conversations, deposed to by the witness Tripp, took place the day after the homicide, in the presence and hearing of the accused, and principally with the prisoner himself.

That all this evidence was admissible, is too plain a principle of law to require the citation of authority. But it is urged in behalf of the prisoner, that his Honor permitted this witness to give to the jury her, then opinion of the guilt of the accused. Had his Honor permitted such an opinion to be given to the jury, it would have been manifest error. The connsel is mistaken in supposing his Honor permitted such evidence. He merely permitted this witness to relate to the jury the whole conversations had with the accused on the day after the homicide, and in which the witness, in answer to questions put to her by the prisoner himself, expressed her then opinion of his guilt and her reason for such belief.

There is no error.

This will be certified, to the end that the Court below may proceed to judgment and sentence according to law.

PER CURIAM.                    Judgment affirmed.