STATE v. CHARLES STRATFORD and SUE WATTS.

(Filed 19 November, 1908).

1. **Murder—Evidence—Threats Previously Made.**

Upon trial under indictment for murder, evidence is competent of threats made by prisoner against the deceased two weeks before the homicide.

2. **Murder—Conspiracy—Relationship—Evidence—Jealousy.**

The defendants, a man and woman, were tried for murder and both convicted, there being evidence that the former procured the latter to do the act, or conspired with her to that end. *Held,* evidence that prisoner and deceased were in lewd intimacy with *feme* defendant was competent both as showing her relationship with the defendant and jealousy as a motive for the homicide.

3. **Murder—Evidence of One Offense—Instructions—Guilty of Certain Offense or Acquittal.**

When, under an indictment for murder, the solicitor has elected not to prosecute for the capital offense, and the evidence points either to suicide of deceased or killing with premeditation of the prisoner, it was not error in the lower Court to charge the jury that they must render a verdict of guilty of murder in the second degree, or of acquittal.

4. **Evidence, Circumstantial — Motive — Instructions — Harmless Error.**

It is not necessary to prove motive in order to convict upon a trial for murder, but when circumstantial evidence is relied on, it may be shown to strengthen the chain of circumstances tending to establish guilt; where the trial Judge charged that motive was a strong circumstance pointing to guilt, but also charged that failure to show motive was a strong circumstance pointing to innocence, no error prejudicial to defendant's right was committed.

*Assistant Attorney-General Clement* for the State.

*Adams, Jerome & Armfield* for defendants.

CLARK, C. J. The prisoner and Sue Watts were indicted for the murder of Thomas Furr. The Solicitor elected not to prosecute for the capital offence. Both prisoners were convicted of murder in the second degree. Stratford only appealed. His exceptions are:

Exception 1. Refusal to strike out evidence of threats made by Stratford two weeks before the homicide. Evidence of threats made much longer before the homicide were held competent in *State v. Exum,* 138 N. C., 605.

Exception 2. Evidence of statements of prisoner tending to show that he and deceased were in lewd intimacy with Sue Watts was competent, both as showing her relationship with Stratford, and in connection with other evidence tending to show jealousy as a motive.

Exceptions 3, 5 and 7 are to his Honor's instructions that the jury could not find prisoner guilty of manslaughter, but they should find him guilty either of murder in the second degree or not guilty. This instruction was correct. The evidence pointed either to death by suicide or a killing by premeditation, the prisoner either advising or procuring Sue Watts to kill deceased, or conspiring with her to do so. There was no evidence tending to prove manslaughter.

Exception 4. That the Court gave the following charge, at request of Sue Watts: "A motive proven against one charged with a crime of this character is a strong circumstance pointing to guilt. The failure to prove motive in a case like this is a strong circumstance to be considered by the jury in favor of the prisoner." It is true that it is not necessary to prove motive, *State v. Turner,* 143 N. C., 642, but in a case of circumstantial evidence it is permissible to thus strengthen the chain of circumstances. *State v. Green,* 92 N. C., 779; *State v. Adams,* 138 N. C., 697. The word "strong" might have been omitted, but it was given in the alternative in favor of the prisoners as well as in that against them. We cannot perceive any prejudice done the prisoner.

Exceptions 6 and 8 are to giving certain contentions of the State. They were, however, warranted by the evidence. The Court was favorable to the appellant in permitting him to offer proof of an alibi which was immaterial if the State's

theory of conspiring, which was submitted to the jury, was found by the jury.

Exception 9. That the Court refused appellant's prayer to instruct the jury to render a verdict of not guilty "because there was no evidence," is without merit, and requires no discussion of the evidence. It is not necessary to set it forth.

No error.