STATE v. C. T. HARGROVE.

(Filed 13 December, 1939.)

**1. Criminal Law § 77c—**

When the judge's charge is not in the record it will be presumed that the jury was properly instructed as to all phases of the case, both with respect to the law and the evidence.

**2. Homicide § 25—Evidence held sufficient to be submitted to the jury and sustain verdict of guilty of second degree murder.**

Evidence on the part of the State tending to show that defendant, in an altercation between him and his son, repeatedly struck his son with the butt of a pistol, with expert testimony that the wounds thus inflicted would have rendered the son unconscious and unable to walk, and that such wounds caused death, *is held* sufficient to be submitted to the jury and sustain their verdict of guilty of murder in the second degree, notwithstanding defendant's evidence that subsequent to the encounter his son was seen walking along the highway and was struck by a truck driven by another, resulting in fatal injury, the conflicting evidence as to the cause of death raising an issue of fact for the determination of the jury.

**3. Criminal Law § 81c—**

The fact that some leading questions were asked witnesses upon the trial does not entitle defendant to a new trial when he is not prejudiced thereby.

**4. Criminal Law § 41b—**

The State may cross-examine defendant's character witnesses to show the extent of their knowledge of defendant and to show that his general reputation was not good in some respects.

APPEAL by defendant from *Stevens, J.,* at August Term, 1939, of COLUMBUS. No error.

The defendant was convicted of murder in the second degree, and, from judgment imposing prison sentence pursuant to the verdict, he appeals.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*Luther Britt, S. Bun Frink, and Greer & Greer for defendant.*

DEVIN, J. The appellant assigns as error the denial of his motion for judgment as of nonsuit entered at the close of the State's evidence and renewed at the close of all the evidence.

An examination of the evidence as disclosed by the record leads us to the conclusion that the case was properly submitted to the jury. *S. v. Coffey,* 210 N. C., 561, 187 S. E., 754; *S. v. Bridgers,* 172 N. C., 879,

89 S. E., 804. As the judge's charge was not sent up, it must be presumed that the jury was properly instructed by the trial judge as to all phases of the case, both with respect to the law and the evidence. *Calhoun v. Light Co., ante,* 256.

There was evidence tending to show that the deceased was a son of the defendant; that the defendant and a woman named Medlin were at a filling station at night, drinking; that deceased and others were present; that a quarrel arose between defendant and deceased about the woman who was with the defendant; that the defendant had a pistol; that shortly afterwards the defendant was seen pursuing the deceased out in the road, the defendant striking the deceased with the pistol three or four times on his head; that the deceased was knocked down, and that the defendant stamped on his chest, and then drove away in his truck. There was evidence that the deceased was taken to the hospital unconscious, and remained so for five weeks until he died; that he had wounds on his head caused by some blunt instrument, sufficient to cause death, his collar bone was broken, and there were other lacerations and bruises; that on his head was a wound "five inches long, extending from his forehead up over the right ear back to the cephalical region," and two other small lacerations on his head. He died from meningitis caused from wounds on his head. It was testified by the examining physician that in his opinion, from the nature of the wounds on his head, he would not have been able to walk any distance, and that a blow of that kind would have caused unconsciousness.

The defendant offered evidence tending to show that some time later on that night the deceased was seen walking along the road, apparently unhurt; that he obtained a ride in an automobile for several miles and then got out; that still later, while lying in the road, he was run over by the truck of the defendant (then being driven by another), and blood was observed in the road at that point; that deceased was then unconscious and was removed to the hospital. The defendant contended that the death was due solely to being run over by the truck.

While it is difficult to reconcile the conflict in the testimony, this was a matter for the triers of the fact. There being evidence sufficient to sustain the State's case that the deceased came to his death as a result of an intentional and wrongful assault made upon him by defendant, the verdict and judgment will not be disturbed on that score.

Appellant noted numerous exceptions to the rulings of the trial court in the reception and exclusion of testimony, but upon examination we find these without substantial merit. The fact that some questions were leading would not warrant a new trial unless found prejudicial, which is not the case here. *S. v. Noland,* 204 N. C., 329, 168 S. E., 412; *S. v. Buck,* 191 N. C., 528, 132 S. E., 151. Appellant's exceptions to ques-

tions propounded by the solicitor on cross-examination of some of the defendant's character witnesses cannot be sustained. It was competent to cross-examine these witnesses as to the extent of their knowledge of the defendant, and to show that his general reputation was not good in some respects. *S. v. Hairston,* 121 N. C., 579, 28 S. E., 492; *S. v. Holly,* 155 N. C., 485, 71 S. E., 450; *S. v. Wilson,* 158 N. C., 599, 73 S. E., 812; *S. v. Cathey,* 170 N. C., 794, 87 S. E., 532; *S. v. Burton,* 172 N. C., 939 (942), 90 S. E., 561; *S. v. Nance,* 195 N. C., 47, 141 S. E., 468.

We conclude that in the trial there was

No error.