### STATE v. OTIS HARRIS.

#### (Filed 14 October, 1942.)

**1. Rape § 1d—**

In a criminal prosecution for rape, there was evidence that defendant criminally assaulted a woman at a place 200 yards from her home and in the absence of her husband, choking her into insensibility, fracturing her skull with a brick, and accomplishing his purpose, motion for nonsuit was properly denied.

**2. Criminal Law § 41f: Rape § 1c—**

In prosecution for rape the victim may testify to defendant's having improper relations with her, in the absence of evidence that she was not mentally competent on account of injuries received from the assault.

**3. Evidence § 21—**

Leading questions by the prosecutor have uniformly been held to be in the discretion of the trial judge and no prejudice therefrom is discernible here.

**4. Criminal Law § 41e—**

Testimony in corroboration of the prosecuting witness is competent and proper, since her evidence was subject to attack.

**5. Criminal Law § 33—**

The admission in evidence of defendant's confession to certain material facts was proper, the trial judge having heard evidence as to the circumstances and character of the alleged confession, and found the same voluntary and made without inducement, threat, or hope of reward.

**6. Criminal Law § 32a—**

The admission in evidence, in trial for rape, of a brick found by a pool of blood, shortly after and near the scene of the crime, with hairs clinging to it, was competent, defendant having admitted the assault, but having denied accomplishing his purpose and striking his victim with a brick.

APPEAL by defendant from *Stevens, J.,* at May Term, 1942, of BERTIE. No error.

The defendant was charged with the capital felony of rape. The jury returned verdict of guilty. From judgment imposing sentence of death the defendant appealed.

*·Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State, appellee.*

*Claude J. Gray and S. Russell Lane for defendant, appellant.*

DEVIN, J. The evidence disclosed by the record was amply sufficient to support the verdict and judgment. Without undertaking to state the evidence in detail it may be said that there was testimony tending to show that on the occasion charged the State's witness, Mrs. Warren, the wife of a farmer, in the absence of her husband, was doing some work at a tobacco plant bed 200 yards from the house. The defendant, an employee of her husband, had been plowing in a field near-by. He came to the plant bed where she was and there criminally assaulted her, choking her into insensibility and fracturing her skull with a brick. There was evidence that the crime charged was completed. Every element necessary to constitute the felony of rape was made to appear. The defendant's motion for judgment as of nonsuit was properly denied.

The defendant's other assignments of error relate to the court's ruling on the admission of testimony. We will consider these in order.

The objection to the evidence that the State's witness' child had been burned, and that her husband had taken the child to the doctor is without merit. This was competent to account for the absence of her husband, and to show that she was alone at the time of the assault.

There was no error in permitting this witness to testify, in answer to a question, that the defendant had sexual relations with her, and the objection based upon the suggestion that she did not understand the meaning of the words used in the solicitor's questions, or that by reason of the injuries she received she was not competent to testify, cannot be sustained. There was no evidence that she was not mentally competent to testify. *Lanier v. Bryan,* 184 N. C., 235, 114 S. E., 6.

The fact that one of the solicitor's questions was leading affords no ground for complaint. Uniformly it has been held that this is a matter within the discretion of the trial judge, and no prejudice therefrom is discernible here. *S. v. Hargrove,* 216 N. C., 570, 5 S. E. (2d), 852; *S. v. Buck,* 191 N. C., 528, 132 S. E., 151. The objection to the testimony of several witnesses offered in corroboration of Mrs. Warren is untenable, since her testimony was subjected to attack. *S. v. Bethea,* 186 N. C., 22, 118 S. E., 800; *S. v. Gore,* 207 N. C., 618, 178 S. E., 209.

The defendant's exception to the admission in evidence of his confession as to certain material facts cannot be sustained. The trial judge heard evidence as to the circumstance and character of the alleged confession, and found that the defendant's statement was voluntary and made without inducement, threat or hope of reward. This finding was supported by evidence which was not contradicted. *S. v. Fain,* 216 N. C., 157, 4 S. E. (2d), 319. There was no evidence that defendant's confession was wrung from him "by flattery of hope, or by the torture of fear." *S. v. Livingston,* 202 N. C., 809, 164 S. E., 337.

The testimony that at the tobacco plant bed, shortly after the alleged assault, near a puddle of blood, was found a brick with hairs clinging to it, was competent, as was also the admission of the brick as an exhibit.

The defendant in his testimony on the trial admitted assaulting Mrs. Warren and striking her, but denied the accomplishment of the crime, or that he struck her with a brick. The court's charge to the jury was free from error, and no exception thereto was noted.

The defendant has received a fair trial. The evidence was direct and positive, and he has no legal ground of complaint that the jury accepted the State's evidence and found him guilty of the crime charged in the bill of indictment.

The judgment is affirmed, and in the trial we find

No error.