STATE v. RAYMOND BENNETT, HUGH GIBSON (ALIAS BOB O'CONNELL, ALIAS BOB MARTIN, ALIAS F. H. HEATER), LACY SALMON, HERBERT CARROLL, HENRY HADIE AGNER, CLARENCE NORRIS AND SAM H. THOMPSON.

(Filed 31 January, 1946.)

**1. Homicide § 4d—**

Murder committed in the perpetration or attempt to perpetrate a robbery is murder in the first degree. G. S., 14-17.

**2. Same—**

Where there is a conspiracy to rob and one of the conspirators kills in the attempt to perpetrate the robbery, each of the conspirators is guilty.

**3. Criminal Law § 41d—**

Where incriminating testimony of a witness has been attacked by cross-examination to impeach the witness' credibility, testimony by officers of similar, consistent statements made by the witness is competent for the purpose of corroborating the witness.

**4. Criminal Law § 33—**

The finding of the court that the confessions offered in evidence were voluntary will not be disturbed on appeal when the finding is supported by evidence.

**5. Same—**

Unless challenged, the voluntariness of a confession will be taken for granted.

**6. Same—**

The fact that defendants were under arrest and in the presence of a number of officers at the time of making confessions does not in itself render the confessions incompetent for lack of voluntariness.

**7. Criminal Law § 34g—**

Conversations between several conspirators in furtherance of the common purpose is competent against another conspirator even though he was not present.

**8. Homicide § 25—**

Evidence of defendant's participation in a conspiracy to rob resulting in the death of the victim at the hands of a co-conspirator in the attempt to perpetrate the offense *held* sufficient to overrule defendant's motion to nonsuit.

**9. Criminal Law § 81e—**

When there is no prejudicial error in the charge when read contextually, assignments of error thereto will not be sustained.

APPEAL by defendant Raymond Bennett from *Clement, J.,* at 18 June, 1945, Criminal Term, of GUILFORD. .

Criminal prosecution upon a bill of indictment charging that "Hugh Gibson (*alias* Bob O'Connell, *alias* Bob Martin, *alias* F. H. Heater), Lacy Salmon, Herbert Carroll, Henry Hadie Agner, Clarence Norris, Sam H. Thompson and Raymond Bennett, late of the County of Guilford, on the 9th day of June, A.D. 1944, with force and arms, at and in the county aforesaid, unlawfully, wilfully, feloniously, premeditatively and deliberately and of their malice aforethought, did kill and murder R. L. (Bob) Beck, while engaged in the perpetration of the crime of robbery against the form of the statute," etc.

The defendants, and each of them, on being arraigned, pleaded not guilty. Thereafter, prior to the drawing of the jury, the solicitor announced in open court that the State takes a *nol. pros.* with leave as to defendant Hugh Gibson (*alias* Bob O'Connell, etc.). And during the progress of the trial defendant Lacy Salmon, through his counsel, entered a plea of guilty of murder in second degree, and at close of argument of counsel, defendants Henry Hadie Agner and Clarence Norris, through their counsel also pleaded guilty to murder in the second degree, and the case was submitted to the jury only as to defendants Herbert Carroll, Sam H. Thompson and Raymond Bennett. As to each of these the jury returned verdict of "Guilty of the felony of murder in the second degree as charged in the bill of indictment."

The judgment of the court is that each of the defendants, so pleading and being found guilty, be confined in the State's Central Prison, Raleigh, at hard labor for a term of not less than 25 nor more than 30 years and assigned to work under the supervision of the State Highway and Public Works Commission.

Defendant Raymond Bennett only appeals therefrom to Supreme Court and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes, Moody, and Tucker for the State.*

*H. L. Koontz and J. A. Cannon, Jr., for defendant, appellant.*

WINBORNE, J.   While the assignments of error on this appeal are too numerous and extensive to admit of treatment *seriatim* within the bounds of an opinion of reasonable length, we have given careful attention to each of them and fail to find cause for disturbing the judgment on the verdict against appellant.

In this State a murder "which shall be committed in the perpetration or attempt to perpetrate any . . . robbery . . . or other felony, shall be deemed to be murder in the first degree . . ." G. S., 14-17, formerly C. S., 4200.  See also *S. v. Miller,* 219 N. C., 514, 14 S. E. (2d), 522, and cases there cited.

Moreover, the record discloses that the State proceeded in the trial court upon the theory that if the defendants conspired to rob R. L. (Bob) Beck and he was shot and killed by Salmon, one of the conspirators in the attempted perpetration of the robbery, each, and all of the defendants would be guilty of murder.  This is held to be a correct principle of law. *S. v. Bell,* 205 N. C., 225, 171 S. E., 50, and cases cited.  See also *S. v. Stefanoff,* 206 N. C., 443, 174 S. E., 411; *S. v. Green,* 207 N. C., 369, 177 S. E., 120; *S. v. Kelly,* 216 N. C., 627, 6 S. E. (2d), 533; *S. v. Miller, supra.*

In the light of these principles of law it is deemed appropriate to treat some of the subjects in which the main points stressed by counsel for defendant have been grouped.

The first group of assignments relate to admission of testimony of officers for purpose of corroborating the witness Gibson, an original defendant, as to statements made by him to them while he was in prison in Georgia and on return trip to North Carolina several months after the death of Beck.  In this connection the record discloses that without objection Gibson testified: That on 9 June, 1944, he saw defendant Carroll about 6 o'clock in the afternoon at Waco Service Station near High Point and exchanged cars with him for a few hours—letting him have a 1940 black Ford sedan and a pistol which Carroll asked for; that his car was returned about 12 o'clock that night and "Bennett was sitting in it," but the pistol was not in the car; that seeing Carroll, Bennett and Agner the next morning, he asked Carroll where his pistol was, and he replied that he had it and that it had killed Beck; that after he, the witness, had been brought from the Georgia penitentiary he asked Bennett how he got mixed up in a thing like this, and Bennett said he had Carroll's car and that Agner borrowed the car from him in order to go get Carroll and that a little later Carroll, Agner, Norris, Salmon and he, Bennett, got in the car and rode out to Beck's house, and they later came back to High Point and he and Carroll got in Carroll's car and drove away and later went to Waco Service Station.

And on cross-examination the line of questioning was apparently for impeachment of Gibson's credibility. It was, therefore, appropriate and competent to show by the officers that he had made similar consistent statements to them. *S. v. Bethea,* 186 N. C., 22, 118 S. E., 800; *S. v. Brodie,* 190 N. C., 554, 130 S. E., 205; *S. v. Gore,* 207 N. C., 618, 178 S. E., 209; *S. v. Harris,* 222 N. C., 157, 22 S. E. (2d), 229.

The appellant also challenges alleged confession made by him, and by Thompson, Norris and Agner, to the officers. In keeping with the procedure outlined in *S. v. Whitener,* 191 N. C., 659, 132 S. E., 603, the court heard evidence as to the circumstances and character of the alleged confessions, and found that same were voluntary. This finding is supported by evidence, and the record fails to show that defendants offered or requested to offer evidence, or contended otherwise. "The court's ruling thereon will not be disturbed, if supported by any competent evidence." *S. v. Smith,* 221 N. C., 400, 20 S. E. (2d), 360, and cases cited. Moreover, unless challenged, the voluntariness of a confession will be taken for granted. *S. v. Wagstaff,* 219 N. C., 15, 12 S. E. (2d), 657, and cases cited.

And the fact that defendants were under arrest and in the presence of a number of officers at the time the confessions were made, does not of itself render the confessions incompetent for lack of voluntariness. *S. v. Murray,* 216 N. C., 681, 6 S. E. (2d), 513.

The appellant further challenges the competency of the testimony of the witness, the defendant Salmon, as to conversations between him and defendants Carroll, Agner and Norris which were not expressly shown to have been in presence of defendant Bennett. These conversations appear to have been in furtherance of a common purpose or conspiracy to rob the deceased Beck, as to which the evidence is clear. "The acts and declarations of each conspirator, done or uttered in furtherance of the common, illegal design, are admissible in evidence against all." *S. v. Smith, supra,* and cases cited.

Appellant also assigns as error the refusal of the court to grant his motion for judgment as in case of nonsuit. These assignments appear to be predicated upon the exclusion of evidence to which other assignments of error relate. Hence the evidence having been properly received, it does not appear that counsel seriously contend that the assignments are well taken. Without reciting the evidence, it is sufficient to say, however, that while the evidence fails to show that Bennett was a master mind in the conspiracy, it does show that all along the line of the conspiracy he appeared at the elbow of Carroll, whom the evidence reveals as playing a leading role. Bennett, according to the record, bears the nickname of "Groundhog," and for him, if he did not know what was

going on, it is a pity that he failed to see his shadow by the light of the approaching event, and turn back.

When the charge, to which numerous assignments of error relate, is read contextually in the light of applicable principles of law, no prejudicial error is shown.

In the judgment below, there is

No error.