STATE v. GEORGE NEAL BEATTY, CLIFTON TEAGUE AND HAROLD
DOUGLAS WARE.

(Filed 27 November, 1946.)

**1. Criminal Law §§ 42b, 81a—**

It is within the discretion of the trial judge whether or not counsel
shall be permitted to ask leading questions. The exercise of such discre-
tion, in the absence of an abuse thereof, will not be reviewed on appeal.

**2. Criminal Law § 53i—**

A charge to the effect that the jury should take into consideration what
a witness says and how he says it and his "interest in the case, if he is
interested in it," and determine the weight to be given to the testimony,
is not error in failing to further charge the jury to the effect that if they
believe the testimony of an interested witness they should give the testi-
mony the same weight as that of any other witness, since there was no
instruction to scrutinize the testimony of interested witnesses, and the
instruction applied to all the witnesses alike and did not refer to the
defendants as being interested.

**3. Criminal Law § 78e (1)—**

An exception to instructions of the court "which appear on pages 28, 29
and 30 of the record" is a "broadside attack" and will not be considered.

APPEAL by defendants from *Clement, J.,* at June Term, 1946, of
GASTON.

Criminal prosecution tried upon indictment charging the defendants
with rape, but the Solicitor only asked for a conviction of an assault
with intent to commit rape.

Verdict: Guilty. Judgment: That each of the defendants be impris-
oned in the State's Prison for a term of not less than eight nor more
than twelve years.

The defendants appeal, assigning error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton,
Rhodes, and Moody for the State.*
*P. C. Froneberger and O. A. Warren for defendants.*

DENNY, J.    The first assignment of error is directed to the admission
of certain evidence over defendants' objection, elicited from the prosecu-
trix in response to leading questions.

It is within the discretion of the trial judge whether or not counsel
shall be permitted to ask leading questions. The exercise of such discre-
tion, in the absence of an abuse thereof, will not be reviewed on appeal.
*S. v. Harris,* 222 N. C., 157, 22 S. E. (2d), 229; *S. v. Hargrove,* 216
N. C., 570, 5 S. E. (2d), 852; *S. v. Buck,* 191 N. C., 528, 132 S. E., 151.

No prejudicial error has been shown and the exception cannot be sus-- tained.

The defendants assign as error the following portion of his Honor's. charge: "Take into consideration what the witness says and how he says it. Take into consideration the witness' interest in the case, if he is. interested in it, and then apply your judgment to the witness' testimony and decide on what weight you will give to it."

The above instruction is only a part of his Honor's charge dealing with the question of the interest or bias of witnesses. The charge was applicable to all the witnesses alike, and did not single out any witness. or refer to the defendants as being interested in the outcome of the trial. There was no instruction to scrutinize the testimony of the defendants or that of any other witnesses in the light of their interest in the result of the verdict. If there had been such instruction and the court had failed to further instruct the jury substantially to the effect, that if the jury believed the testimony of an interested witness they would give to· such testimony the same weight as that given to the testimony of dis- interested witnesses, the exception would have merit. *S. v. McKinnon,.* 223 N. C., 160, 25 S. E. (2d), 606. But since the instruction applied to all the witnesses alike, those for the State as well as those for the· defendants, this assignment of error cannot be sustained. *S. v. Cureton,.* 215 N. C., 778, 3 S. E. (2d), 343.

The defendants also except to the instructions of the court below which appear on pages 28, 29 and 30 of the record. This is an insufficient exception, in that it does not point out any specific statement or instruc- tion which the defendants contend is erroneous. Such exception consti- tutes a "broadside attack" upon the charge, and will not be considered. *S. v. Herron,* 175 N. C., 754, 94 S. E., 698; *S. v. Wade,* 169 N. C., 306, 84 S. E., 768; *S. v. Cameron,* 166 N. C., 379, 81 S. E., 748; *S. v. John- son,* 161 N. C., 264, 76 S. E., 679. But even so, after a careful reading· of the portion of the charge to which the defendants except, we find no· error therein.

In the trial below, we find

No error.