STATE v. KENNETH MATHIS and JOHN DRYMAN.

(Filed 25 May, 1949.)

**1. Burglary § 11—**

Evidence of each defendant's guilt of first degree burglary *held* sufficient to be submitted to the jury and overrule defendants' motions for nonsuit on this charge.

**2. Burglary § 13a—**

Even where the jury finds facts constituting burglary in the first degree in a prosecution for this offense, it may return a verdict of guilty of burglary in the first degree, or guilty of burglary in the first degree with recommendation for imprisonment for life, or, if the jury deems it proper, guilty of burglary in the second degree. G.S. 14-52, G.S. 15-171.

**3. Burglary § 12a—**

In a prosecution for burglary in the first degree it is error for the court to fail to charge the jury that it may return a verdict of guilty of burglary in the first degree with recommendation of imprisonment for life. G.S. 14-52, G.S. 1-180.

APPEAL by defendants from *Clement, J.,* at January Term, 1949, of BUNCOMBE.

Criminal prosecution upon an indictment found as a true bill at January Term, 1949, of Buncombe and containing five counts charging,

First: "That John Dryman and Kenneth Mathis, late of the county of Buncombe, on 22 October, 1948, about the hour of seven o'clock in the night of the same day, with force and arms, at and in the county aforesaid, the dwelling house of one Clyde Bennett there situate, and then and there actually occupied by one Clyde Bennett, feloniously and burglariously did break and enter, with intent, the goods and chattels of the said Clyde Bennett in the said dwelling house then and there being, then and there feloniously and burglariously to steal, take and carry away, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State."

Second: The same as the first, adding: "and then and there in such dwelling house, John Dryman and Kenneth Mathis of the value of three thousand ($3,000.00) dollars of the money, goods, chattels of the said Clyde Bennett in the said dwelling house, then and there being found, then and there feloniously and burglariously did steal, take and carry away, contrary to the form of the statute . . ., etc."

Third: Charges John Dryman and Kenneth Mathis with the criminal offense of robbery of Clyde Bennett with firearms—at the same time and place specified in the first and second counts.

Fourth: Charges that John Dryman and Kenneth Mathis at same time and place feloniously and secretly assaulted Clyde Bennett with

deadly weapons, with intent to kill and murder him, inflicting serious and permanent injuries upon him not resulting in death, etc.

Fifth: Charges that John Dryman and Kenneth Mathis, at same time and place, did unlawfully and feloniously take, steal and carry away $3,000.00 in money owned by and in possession of Clyde Bennett.

Upon arraignment at the January Term, 1949, of Superior Court of Buncombe County on the bill of indictment just described, defendants John Dryman and Kenneth Mathis pleaded not guilty.

And on the trial in Superior Court the State offered evidence tending to support as against defendants the charge so preferred against them. Defendants offered no evidence.

Verdict: As to defendant John Dryman: "Guilty of burglary in the first degree." As to defendant Kenneth Mathis: "Guilty of burglary in the first degree charged in the bill of indictment."

Judgment: As to each, John Dryman and Kenneth Mathis, separately, death by the administration of lethal gas.

Each defendant, John Dryman and Kenneth Mathis, separately, appeals from the judgment so rendered against him to the Supreme Court and assigns error.

*Attorney-General McMullan and Assistant Attorney-General Moody for the State.*

*F. Piercy Carter and Shelby E. Horton, Jr., for defendant Mathis.*

*Henry C. Fisher for defendant Dryman.*

WINBORNE, J. The evidence offered by the State on the trial in Superior Court, as shown in the record of the case on appeal, taken in the light most favorable to the State, is sufficient to take the case to the jury as to each defendant on each of the essential elements of the crime of burglary in the first degree as defined by the laws of the State, and to support as to each defendant a verdict of guilty of burglary in the first degree. Hence, there is no error in the denial of defendants' motions for judgment as of nonsuit on the charge of burglary in the first degree. See *S. v. Bennett,* 226 N.C. 82, 36 S.E. 2d 708, and cases cited, and *S. v. Bell,* 205 N.C. 225, 171 S.E. 50, and cases cited. But since error in another phase of the trial, necessitating a new trial, is made to appear, no useful purpose will be served by a narrative of the evidence adduced by the State.

However, assignment of error #82, based upon defendant Mathis' exception No. 65 and defendant Dryman's exception No. 75, to the failure of the trial judge to charge in respect to the right of the jury under G.S. 14-52 to return a verdict of guilty of burglary in the first degree and to recommend in connection therewith that punishment therefor shall be imprisonment for life in the State's prison, is well founded.

The Attorney-General, in the State's brief, says, "We do not find that the court did charge the jury on this statute."

In this connection it may be noted that the General Assembly of North Carolina has enacted several statutes pertaining to burglary and the punishment therefor, among which are G.S. 14-51, G.S. 14-52, and G.S. 15-171. G.S. 14-51 declares that there shall be two degrees in the crime of burglary as defined at the common law. It defines what shall constitute burglary in the first degree, and what shall constitute burglary in the second degree. And G.S. 14-52, as to punishment for burglary, prescribes that "any person convicted according to the due course of law, of the crime of burglary in the first degree shall suffer death: Provided, if the jury shall so recommend, the punishment shall be imprisonment for life in the State's prison. Any one so convicted of burglary in the second degree shall suffer imprisonment in the State's prison for life, or for a term of years, in the discretion of the court." The proviso in the statute was added by the General Assembly of 1941 (P.L. 1941, Ch. 215). Before the enactment of it, a verdict of guilty of burglary in the first degree made death sentence mandatory. But since the enactment of it, when a jury in returning a verdict of guilty of burglary in the first degree recommends imprisonment for life, the death penalty is thereby eliminated, and sentence of life imprisonment is mandatory. Thus a substantial right is created by the proviso in G.S. 14-52 in favor of one charged with burglary in the first degree. And in such case, it is the duty of the trial judge under the provisions of G.S. 1-180 "to declare and explain the law arising thereon."

Moreover, G.S. 15-171 provides that "where the crime charged in the bill of indictment is burglary in the first degree the jury, upon the finding of facts sufficient to constitute burglary in the first degree as defined by statute, may elect to render a verdict of guilty of burglary in the second degree if they deem it proper so to do," and "the judge in his charge shall so instruct the jury." See *S. v. Surles, ante,* 272.

Therefore, taking the two statutes together, G.S. 14-52 and G.S. 15-171, when in a case in which the charge is burglary in the first degree the jury finds from the evidence and beyond a reasonable doubt facts constituting burglary in the first degree, one of three verdicts may be returned: (1) Guilty of burglary in the first degree, which carries a mandatory death sentence; (2) Guilty of burglary in the first degree, with recommendation of imprisonment for life, which calls for a sentence to life imprisonment; and (3) if the jury "deem it proper so to do," Guilty of burglary in the second degree, for which the sentence may be life imprisonment, or imprisonment for a term of years in the discretion of the judge, all in accordance with the statutes.

In the present case the trial judge failed to declare and explain the law in respect to the provisions of the proviso in G.S. 14-52, as required by G.S. 1-180, and in so doing deprived defendants of the benefit of a substantial right, which entitles them to a new trial.

Hence, other exceptions have not been considered, as the matters to which they relate may not recur on another trial.

New trial.