STATE OF NORTH CAROLINA v. ROBERT LEE THACKER

No. 7110SC712

(Filed 29 December 1971)

1. Criminal Law § 75— indigent defendant — absence of counsel and written waiver — admission of confession — harmless error

   The trial court in this prosecution for felonious assault erred in the admission of an in-custody confession made by an indigent defendant in March 1971 when he was not represented by counsel and had not executed written waiver of counsel; however, such evidence was harmless beyond a reasonable doubt in light of the State's other evidence of defendant's guilt and the cumulative effect of the confession.

2. Assault and Battery § 5— inference of intent to kill

   An intent to kill may be inferred from the nature of the assault, the manner in which it was made, the conduct of the parties and other relevant circumstances.

3. Assault and Battery § 16— failure to submit lesser degrees

   In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury not resulting in death, the trial court did not err in failing to instruct the jury on the lesser included felony of assault with a deadly weapon per se inflicting serious injury as provided by [former] G.S. 14-32(b) where there was no evidence to support a lesser offense, notwithstanding the court did submit the lesser offenses of assault inflicting serious injury and assault with a deadly weapon.

4. Criminal Law § 66— one-man lineup at hospital — in-court identification — independent origin

   In this prosecution for felonious assault, the victims' in-court identifications of defendant were based upon what they observed at the crime scene and were not tainted by a one-man lineup conducted in a hospital emergency room.

5. Criminal Law §§ 66, 87— origin of in-court identification — leading question

   The trial court did not abuse its discretion in allowing the solicitor to ask assault victims whether they were basing their in-court identifications of defendant "on who you saw at the FCX Store at the time you were cut or the one that you saw at the hospital."

APPEAL by defendant from *Hall, Judge,* 21 June 1971 Session of WAKE Superior Court.

By separate indictments proper in form defendant was charged with assault with a deadly weapon, a knife, with intent to kill inflicting serious injury not resulting in death. In one

indictment Brenda Gail Waddell was named as the victim and in the other Swain Pierce was named as the victim. The cases were consolidated for trial.

The evidence for the State tended to show: Around 8 a.m. on 10 March 1971, defendant entered an office of FCX on Blount Street in the City of Raleigh and asked permission of Brenda Gail Waddell, the sole occupant of the office, to use the telephone. Before leaving the office defendant grabbed Miss Waddell and when she began screaming told her, "if you don't stop screaming, I will stab you." He proceeded to stab Miss Waddell with a knife in her arm and stomach and also cut her finger when she was attempting to defend herself. He thereupon released Miss Waddell and exited by a side door of the office that opened into a garage. At that point Swain Pierce was coming out of a restroom and saw the defendant in front of him running through the garage. The defendant told Mr. Pierce, "there is a man jumped on a woman in that room right over there." Miss Waddell opened the side door and screamed, "Help," to Mr. Pierce. She was very bloody and Mr. Pierce exclaimed, "Oh, my God," and started screaming, "Help." At this point defendant lunged upon Mr. Pierce and stabbed him under the left arm partially collapsing his lung. Defendant then ran out into the alley. Shortly thereafter a man, later identified as defendant, fell through the skylight of the building next to the FCX Store where the stabbings occurred. He was observed falling by the manager of the H & H Tire Co., occupant of the building where defendant fell. Defendant was injured in the fall. A fire escape led from the alley near the FCX to the roof of the Tire Company building. Police were called, investigated, and found a knife scabbard with blood all over it about five feet from where defendant had fallen and landed. It was not there prior to defendant's fall. The police found a green jacket on top of the building about 14 feet from the skylight. Prior to this investigation, defendant was advised of his rights and placed under arrest for breaking and entering the Tire Company building.

Neither of the victims had ever seen defendant before that morning when they were assaulted. Both Miss Waddell and Mr. Pierce described the defendant as wearing a green jacket and work trousers of either a dark or gray color. The victims, Pierce and Waddell, were taken to the hospital and police took

the defendant to the hospital emergency room where both victims identified him as their assailant.

Defendant did not present any evidence.

The jury found defendant guilty as charged in the case concerning Brenda Gail Waddell and guilty of assault inflicting serious injury in the case concerning Swain Pierce. The court sentenced defendant in the Waddell case to serve a term of not less than nine years nor more than ten years in the State Prison and a consecutive sentence of two years in the Wake County Jail in the Pierce case. From these judgments, the defendant appealed.

*Attorney General Robert Morgan by Associate Attorney Benjamin H. Baxter, Jr., for the State.*

*Robert E. Smith for defendant appellant.*

BRITT, Judge.

[1] Defendant first assigns as error the admission into evidence of a written confession made by him while in custody a short while after the offenses were committed. He contends that he was and is an indigent, that he was not represented by counsel at the time of making the confession, and that he did not execute a written waiver of counsel as required by G.S. 7A-457. It is clear that the confession should have been excluded because of the written waiver of counsel proviso of G.S. 7A-457 in effect at times pertinent to this case. *State v. Lynch,* 279 N.C. 1, 181 S.E. 2d 561 (1971). (Note: This statute was amended by Ch. 1243 of the 1971 Session Laws). However, we hold that the error was harmless beyond a reasonable doubt, thus does not require a new trial.

In the recent case of *State v. Doss,* 279 N.C. 413, 183 S.E. 2d 671 (1971), it was held that the admission of statements made by defendant in that case identifying articles of clothing found near the scene of the crime that were covered with blood of the same type as the deceased, even though defendant had not signed a written waiver of counsel as required by *State v. Lynch, supra,* was not such error as to require a new trial. "The question is whether there is a possibility that the evidence complained of might have contributed to the conviction." *Fahy v. Connecticut,* 375 U.S. 85, 11 L.Ed. 2d 171, 84 S.Ct. 229 (1963). The court went on to state in *Doss, supra,* at 423-424 after

summarizing other evidence establishing the clothing as defendant's that "(i)n light of this evidence identifying the clothing and the overwhelming evidence of defendant's guilt presented by the State, we hold that this error was clearly harmless beyond a reasonable doubt. *Harrington v. California*, 395 U.S. 250, 23 L.Ed. 2d 284, 89 S.Ct. 1726 (1969) ; *Chapman v. California*, 386 U.S. 18, 17 L.Ed. 2d 705, 87 S.Ct. 824 (1967) ; *State v. Swaney*, 277 N.C. 602, 178 S.E. 2d 399 (1971) ; *State v. Brinson*, 277 N.C. 286, 177 S.E. 2d 398 (1970)."

In the present case there is evidence of identification of defendant by the two victims and the employee of the establishment where defendant fell through the skylight. A bloody knife scabbard was found where defendant fell, a green coat that defendant was wearing at the time of the stabbings was found about 15 feet from the skylight where defendant fell. The only statement made in the confession which is not absolutely cumulative was the statement that, "I decided to kill the first person I caught by their self." However, it is well settled in this jurisdiction that intent to kill may be inferred or presumed from the nature of the assault and attendant circumstances. 1 Strong, N.C. Index 2d, Assault and Battery, Sec. 5, p. 298.

[2] Intent to kill is a mental attitude which ordinarily is proven by circumstantial evidence, and such intent may be inferred from the nature of the assault, the manner in which it was made, the conduct of the parties, and other relevant circumstances. *State v. Cauley*, 244 N.C. 701, 94 S.E. 2d 915 (1956). Intent to kill Miss Waddell in the case at bar was strongly evident from the number of times defendant stabbed and attempted to stab her and the areas of her person that he stabbed. Medical testimony regarding Miss Waddell's injuries disclosed that a large artery in her arm was severed resulting in loss of considerable blood; the stab wound in her abdomen completely traversed her abdominal wall—some four inches—in the area of vital organs including her stomach, intestines, liver and spleen; the cut on her finger divided an artery and a vital nerve. She underwent surgery in the hospital and was treated there for six days. Therefore, since the confession was merely cumulative and in light of the evidence presented by the State, we hold that the admission of the confession although error was harmless error beyond a reasonable doubt.

[3]   Defendant assigns as error the failure of the court to instruct the jury in the Waddell case as to the lesser included felony of assault with a deadly weapon per se inflicting serious injury as provided by G.S. 14-32(b) prior to enactment of the 1971 amendment. This assignment of error is without merit.

In both cases, the court instructed the jury that it could return one of four verdicts: (1) guilty as charged, (2) guilty of assault inflicting serious injury, (3) guilty of assault with a deadly weapon, or (4) not guilty. In *State v. Lamm,* 232 N.C. 402, 61 S.E. 2d 188 (1950), the court in an opinion by Winborne, J., (later C.J.) said:

> In this State it is a well recognized rule of practice that where one is indicted for a crime and under the same bill it is permissible to convict the defendant of 'a less degree of the same crime,' G.S. 15-170, and there is evidence tending to support a milder verdict, the prisoner is entitled to have the different views presented to the jury, under a proper charge. *S. v. Robinson,* 188 N.C. 784, 125 S.E. 617; *S. v. Staton,* 227 N.C. 409, 42 S.E. 2d 401. But where there is no evidence to support such milder verdict, the court is not required to submit the question of such verdict to the jury.

While the trial court in the Waddell case charged the jury on two lesser offenses, we do not think under the evidence presented that defendant was entitled thereto. The uncontradicted evidence hereinbefore review overwhelmingly supported the offense of assault with a deadly weapon with intent to kill inflicting serious injury and there was no evidence to support a milder verdict. The assignment of error is overruled.

[4]   In his last assignment of error, defendant contends the court erred in admitting into evidence the in-court identification of defendant and "allowing the solicitor to suggest to witnesses the basis of their identification." Defendant objects to the identification for that shortly after his arrest he was taken to the hospital emergency room and identified there by the two victims of his attack.

In *Stovall v. Denno,* 388 U.S. 293, 18 L.Ed. 2d 1199, 87 S.Ct. 1967 (1967), the Supreme Court held that a defendant was not denied due process by a "one-man" lineup. The legality of the identification process depends on the totality of the surrounding circumstances. Here, neither of the victims could go to

the police station for the usual lineup, as they were both being treated for their stab wounds. Even granting establishment of some primary illegality (which is not the case under the circumstances here), although one-man lineups are not to be encouraged, the evidence presented in the instant case was not procured by the exploitation of any illegality but instead by the original viewing of the defendant at the scene of the crime by means sufficiently distinguishable to be purged of any primary taint. *Wong Sun v. United States,* 371 U.S. 471, 9 L.Ed. 2d 441, 83 S.Ct. 407 (1963).

[5] As for the solicitor asking the witnesses, "Are you basing your identification here in court today on who you saw in the FCX Store at the time you were cut or the one that you saw at the hospital?", it is settled law that leading questions are in the discretion of the trial judge. *State v. Beatty,* 226 N.C. 765, 40 S.E. 2d 357 (1946). The assignment of error is overruled.

Upon a careful review of the entire record, we find no error sufficiently prejudicial to warrant a new trial.

No error.

Judges BROCK and VAUGHN concur